3 Cal.2d 625 (1935)
In the Matter of the Application of FRANK MARQUEZ for a Writ of Habeas Corpus.
Crim. No. 3868. 
Supreme Court of California. In Bank. 
May 17, 1935.
 U.S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Appellant.
 Gladys Towles Root for Respondent.
 PRESTON, J.
 The above-named defendant, Frank Marquez, was charged, by information containing four counts, with the crime of rape, a felony. He entered a plea of guilty to count one and applied for probation, whereupon the court ordered that proceedings as to that count be suspended and that defendant be granted probation for a period of twenty years, under condition that "the first four years of said probationary period, defendant shall serve at the county road camp. ..."
 After serving one year in the county road camp, defendant sued out a writ of habeas corpus upon the ground that "any period in excess of one year in the county jail is therefore in excess of the period of confinement in the county jail permitted by section 19a of the Penal Code". The superior court, in said habeas corpus proceeding, thereupon granted defendant a discharge from custody. The People of the State of California then undertook to exercise the right of appeal conferred upon them by section 1506, which was added to the Penal Code in 1927 (Stats. 1927, p. 1061). Said section in part reads:
 "An appeal may be taken to the district court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant after his conviction, in all criminal cases prosecuted by indictment or information in a court of record. ..."
 [1] Upon consideration of the cause the honorable District Court of Appeal, Second District, Division Two, stated that against its better judgment it felt compelled to dismiss *627 the appeal because of the following language found in a recent decision of this court upholding the constitutionality of said section 1506 (In re Alpine, 203 Cal. 731, at p. 745 [265 P. 947, 58 A.L.R. 1500]): "It is clear from the language of said section that an appeal is only allowable after conviction and in those cases where there is an existing judgment against the defendant." It will be noted that this statement does not conform to the terminology of the statute itself, but extends the provisions thereof in that it purports to limit the statutory right of appeal "after conviction", etc., by adding the further requirement, not mentioned in the statute, that there be also an "existing judgment against the defendant". In this cause, although defendant was guilty and had been convicted, having been placed on probation in the first instance there was no existing judgment against him. Probation is not a judgment (People v. DeVoe, 123 Cal.App. 233 [11 PaCal.2d 26]; People v. Patello, 125 Cal.App. 480 [13 PaCal.2d 1068]; People v. Noone, 132 Cal.App. 89 [22 PaCal.2d 284]; People v. Neel, 133 Cal.App. 332 [24 PaCal.2d 230]). It is obvious that the second clause of the above-quoted sentence, to wit: "and in those cases where there is an existing judgment against the defendant", was not essential to the holding announced in the Alpine case and crept into the decision through inadvertence. Said statement must therefore be qualified by elimination of said objectionable portion thereof. There is no doubt that the instant case represents a proper exercise by the People of their right of appeal under said section 1506 of the Penal Code.
 We are thus brought to a consideration of defendant's contention that he is entitled to discharge from custody because his confinement has exceeded the period permitted by section 19a, added to the Penal Code on June 12, 1933 (Stats. 1933, p. 2217). Said section reads:
 "In no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year. If, however, any county ... should establish a penal farm, or if there be established a State institution for long-term misdemeanants, then commitment to such penal farms or such State institution shall *628 be for such period as the court may order within the limits prescribed by statute for the offense."
 Defendant claims that this section applies to all crimes, misdemeanors and felonies, and limits the period during which any prisoner may be confined in a penal institution, other than penitentiary or prison farm, to one year. Appellant claims that the section relates to and governs only sentences inflicted or terms of probation granted in misdemeanor cases, not felony cases; that as defendant was convicted of a felony, his term of probation was not limited by said statute. To put it another way, defendant claims that the underlined phrase "or as a condition of probation" is unqualified by the remaining language of the section and applies to all cases, whereas appellant claims that the meaning of the phrase is so limited by its connection with associated phrases that it applies only to misdemeanor cases.
 [2] The statute, of course, must be read and construed as a whole in harmony with other statutes relating to the same general subject (23 Cal.Jur., secs. 161 et seq., p. 784; Boyd v. Huntington, 215 Cal. 473, 482 [11 PaCal.2d 383]). In this connection section 1203 of the Penal Code provides: "the court ... in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court ... in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case ... or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither. ... In counties ... where road camps, farms, or other public work is available the court may place the probationer in such camp, farms, or other public work instead of in jail. ..." (Amendment approved June 12, 1931; Stats. 1931, p. 1633.)
 Section 1203a of the Penal Code, added just prior to section 19a, to wit: May 24, 1933 (Stats. 1933, p. 1340), provides: "... the courts ... having jurisdiction to impose punishment in misdemeanor cases, shall have the power to *629 ... do and require all things necessary to carry out the purposes of section 1203 of this code in so far as they are in their nature applicable to misdemeanors. Any such court shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed two years; provided, that when the maximum sentence provided by law exceeds two years' imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than two years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced".
 After consideration of these several sections, we are led to concur in the views of appellant as to the purport of section 19a. To ascertain the meaning of the statute, the phrases used therein must be construed in connection with the phrases with which they are associated, and the particular expressions qualify those which are general (maxim of ejusdem generis, as codified, sec. 3534, Civ. Code; People v. McKean, 76 Cal.App. 114 [243 P. 898]). [3] Thus it is clear that section 19a relates solely to misdemeanor cases and may not be invoked by this defendant who is on probation under conviction of a felony. To be more specific, the provision of section 19a that no person sentenced to confinement in county or city jail "on conviction of misdemeanor, or as a condition of probation, or for any reason" shall be committed for a period in excess of one year, merely limits the term of confinement in city or county jail in misdemeanor cases to one year, whether such confinement is the result of conviction, judgment and sentence of imprisonment, or whether it is ordered as a condition of probation, or for any other reason. The statute places no limitation upon the term of a probationary period ordered spent in a road camp in a felony case. It follows that the power of the court to place defendant in a road camp was limited, as to period of confinement, only by the maximum possible term of his sentence (sec. 1203, supra).
 This conclusion renders immaterial appellant's further contention that section 19a has no application to cases in which the crime occurred prior to the effective date of said statute. *630
 The order discharging the defendant is reversed, with directions to the court below to discharge the writ and remand the defendant.
 Curtis, J., Thompson, J., Shenk, J., and Waste, C.J., concurred.