**Jesus ARRELLANO–FLORES, Appellant,**

v.

**Richard C. HOY, as District Director for the Los Angeles District, Immigration and Naturalization Service, United States Department of Justice, Appellee.**

No. 15747.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1958.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Bruce A. Bevan, Jr., Los Angeles, Cal., for appellee.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

Arrellano-Flores is a citizen and national of the Republic of Mexico who was lawfully admitted to the United States in 1925. After administrative proceedings the district director of Immigration and Naturalization is about to deport him under 8 U.S.C.A. § 1251(a)(11) because he has been found guilty after a California trial on a criminal charge that he unlawfully sold marihuana, a substance classified as a narcotic.

On review, the district court upheld the director. The principal issue is: Has the alien been "convicted?" This is an ingredient of the aforementioned Section 1251(a)(11). The judgment of the state court, after the finding of guilt, was that the proceedings be suspended and that probation be granted upon the condition that appellant serve one year in the county jail. Because of this rubbery end (which has the sanction of California state law and the policy of which is not our concern) to the trial, the alien says he has not been "convicted," just found guilty. Under California law such a sentence as was prescribed here does not constitute a final judgment from which an appeal may be taken. In re Marquez, 3 Cal.2d 625, 45 P.2d 342.

Appellant relies heavily on United States ex rel. Freislinger, on Behalf of Kappel v. Smith, 7 Cir., 41 F.2d 707.

The Seventh Circuit held that whether a man had been "convicted" in state court was to be determined by the law of the state where the offense was committed and proceedings had. It was of the opinion that under Illinois law Freislinger had not been convicted because a final judgment of conviction had not been entered.

While one cannot close one's eyes to the state's statutes and what transpired in the state's proceedings, we are inclined to the belief that perhaps here Congress intended to do its own defining rather than leave the matter to the variable state statutes. Credence for this view can be found in the fact the present statute reads "convicted" while its predecessor, 46 Stat. 1171 (Chap. 224), read "convicted and sentenced." It would appear that federal courts have generally taken the view that a plea of guilty or a finding of guilty, which is in repose and remains undisturbed, amounts to a conviction. See Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009.

But if our question is whether California would consider on this record there was a conviction, then it is clear that California has answered in the affirmative. In re Morehead, 107 Cal.App. 2d 346, 237 P.2d 335; People v. Christman, 41 Cal.App.2d 158, 106 P.2d 32.

Appellant also argues that he was deprived of due process because his attorney was given, after the decision of deportability, only 48 hours in which to prepare an application for suspension of deportation. This is a point we cannot find in the pleadings in the district court whereunder the administrative processes were reviewed. It was not mentioned in the pre-trial order specifying the issues and was obviously never considered. Further, it would appear that there were at least two statutory reasons why Arrellano-Flores could not have established any right to the discretionary relief. He had been out of the United States within the past seven years and the prerequisite of good moral character cannot be found because the statute provides, 8 U.S.C.A. § 1101(f)(7), if the alien has

been confined to jail for more than 180 days as a result of conviction he is not eligible. Because of the statutory ineligibility, the special inquiry official, so he said, fixed the very short time. If appellant had made the point in district court, if he could show or suggest how he could possibly qualify for the grace of suspension of deportation, then the point would be at least a solid one.

Judgment affirmed.