MATTER OF A        F

## In DEPORTATION Proceedings

### A-2904545

*Board Decision of September 1, 1959*
*Decided by Attorney General October 12, 1959*

**Deportability—Narcotics offenses, section 241(a)(11) of 1952 act—Finality of conviction—Effect of State expungement law.**

(1) Judgment of State court, after finding of guilt, that proceedings be suspended and probation granted upon condition that defendant serve one year in the county jail constitutes a "conviction" within the meaning of section 241(a)(11) of the 1952 act.

(2) Finding of deportability under section 241(a)(11) of the 1952 act based upon conviction of State narcotics offense is not affected by a technical "expungement" or erasure of conviction record, as authorized by some State statutes, upon fulfillment of conditions of probation, such as section 1203.4 of the California Penal Code or section 1772 of the Welfare and Institutions Code. (Overrules *Matter of D——*, 7 I. & N. Dec. 670.)

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of narcotic violation.

### BEFORE THE BOARD
(September 1, 1959)

**Discussion:** On September 14, 1956, we dismissed an appeal from a decision of a special inquiry officer directing the respondent's deportation. Thereafter, a suit was instituted for judicial review of the order of deportation which resulted in decisions adverse to the respondent in the United States District Court for the Southern District of California (Central Division) and in the United States Court of Appeals for the Ninth Circuit (*Arrellano-Flores* v. *Hoy*, 262 F.2d 667 (1958)). Counsel then filed a petition for certiorari in the Supreme Court of the United States which is now pending.* On May 6, 1959, he filed a motion addressed to this Board seeking reconsideration of our decision of September 14, 1956. In our order of June 24, 1959, we denied this motion and affirmed our previous order. On July 14, 1959, the Service requested that the case be

---

*Cert. den. 362 U.S. 921 (1960).

referred to the Attorney General for review of the Board's decision pursuant to 8 CFR 3.1(h)(1)(iii).

The respondent is a 55-year-old married male, native and citizen of Mexico, who last entered the United States about June 13, 1954, as a returning resident. He has resided in the United States since 1925 when he was admitted for permanent residence. On March 9, 1956, a judge of the Superior Court of California found the respondent guilty of a violation of section 11500 of the Health and Safety Code of that State in that he did "sell, furnish and give away flowering tops and leaves of Indian Hemp" also known as *cannabis sativa* or marihuana. On April 6, 1956, the court directed that proceedings be suspended and that probation be granted for five years, one of the conditions of probation being that the respondent serve one year in the county jail. It was on the basis of this conviction that the special inquiry officer and this Board held that the respondent was deportable under 8 U.S.C. 1251(a)(11).

The respondent's counsel stated in his motion of May 6, 1959, that it was predicated on *Matter of D——*, 7 I. & N. Dec. 670, formerly Int. Dec. No. 916, decided March 6, 1958. His position was, in effect, that *Matter of D——* required termination of this deportation proceeding, and he also contended that there had been no final judgment of conviction in the respondent's case. In our decision of June 24, 1959, we explained why the facts in *Matter of D——, supra*, were not analogous to those relating to the respondent, and we affirmed our previous order in which we had held this respondent deportable. The sole contention raised in the Service motion of July 14, 1959, is that there is a conflict between the decision in the respondent's case and the decision in *Matter of D——, supra*. While not specifically stated in the motion of July 14, 1959, it is apparent that the Service agrees with our *decision* that this respondent is deportable and agrees with the statements which we made in our order of June 24, 1959, that there was a final judgment of conviction in the respondent's case. The motion contains the statement that it is the view of the Service that *Matter of D——, supra*, erroneously states the law, and the Service obviously urges the overruling of that decision.

*Matter of D——, supra*, involved an alien who was approximately 17 years old at the time of his conviction, and he was treated as a youthful offender. About one year after the conviction, and pursuant to section 1772 of the Welfare and Institutions Code of California, the court entered an order setting aside the alien's plea of guilty and dismissing the information. We did not, as asserted by the Service in its motion, state in our previous order that the conviction was expunged under section 1203.4 of the California Penal Code. We did state that, although the present respondent was 51

430

years old when the narcotic violation was committed, we did not regard this factor as distinguishing the case from *Matter of D——* because of the possibility that this respondent might at some future date have his conviction set aside under section 1203.4 of the California Penal Code. Section 1772 of the Welfare and Institutions Code and section 1203.4 of the California Penal Code were quoted in footnotes 1 and 2 of the decision in *Matter of D* . They are substantially similar in their provisions that, under specified conditions, the court may set aside the verdict of guilty and dismiss the accusation or information. Section 1772 is limited to youthful offenders. Since only section 1203.4 would have any relevance in this respondent's case, we will discuss the question under that statutory provision although our statements would be equally applicable to section 1772.

Section 1203.4 of the California Penal Code provides, in part, as follows:

Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. * * * provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

The proposition urged by the Service in its motion of July 14, 1959, is that an alien convicted of a crime which rendered him deportable continues to be deportable on the basis of that conviction even after the court has set aside the conviction under section 1203.4 of the California Penal Code. While the motion discusses only this statutory provision of California, acceptance of the proposition advanced by the Service would logically require a conclusion that the setting aside of a conviction, in accordance with similar statutory provisions of other States, likewise would be ineffective to prevent deportation.

*Matter of P——*, 5 I. & N. Dec. 392 (1953), involved the question of whether there had been a conviction for immigration purposes under the following circumstances. The alien, in a Massachusetts criminal proceeding, had been sentenced to imprisonment for one year and the sentence was suspended. After the expiration of one year the sentence was revoked and the case was placed "on file." We held that there was a conviction rendering him deportable. The lower courts agreed that this alien was deportable but the Supreme Court reversed, stating that it was unable to say that the conviction

431

had attained such finality as to support an order of deportation (*Pino* v. *Landon*, 349 U.S. 901 (1955)). Thereafter, we held in another Massachusetts case that the conviction was insufficient for deportation purposes where, after completion of probation, the sentence was revoked and the complaint was dismissed (*Matter of G——*, 7 I. & N. Dec. 171 (1956)).

In a case where the conviction is expunged under section 1203.4 of the California Penal Code, the plea of guilty is withdrawn or the verdict of guilty is set aside and thereupon the accusation or information against the defendant is dismissed. If the Supreme Court was unable to find finality of conviction in *Pino* v. *Landon*, *supra*, where only the *sentence* was revoked, we do not understand how the Service can maintain that there is finality of conviction in a case under section 1203.4 where the verdict of guilty is set aside and the accusation is dismissed. In such a case, not only is there no finality of conviction, but there is in contemplation of law no conviction whatever.

*In re Ringnalda*, 48 F. Supp. 975 (S.D. Cal., 1943), related to the question of whether an alien was qualified for naturalization, and the particular point discussed was the effect of the expungement of a conviction under section 1203.4 of the California Penal Code. It was stated (p. 976) that, through these proceedings, the defendant stands cleared of guilt, and the court cited with approval a California decision which had held that the intention of the legislature was to wipe out absolutely the entire proceedings and to place the defendant in the position which he would have occupied if no accusation or information had ever been presented against him.

It might be assumed from the motion of the Service that *Matter of D——*, *supra*, formulated some new policy of terminating deportation proceedings where the record of conviction had been expunged. Actually, that is not the case. On the contrary, it has been the established and accepted view of the Service and of this Board for many years that in cases where a court has expunged the record of an alien's conviction, the conviction cannot thereafter serve as the basis for deporting the alien or excluding him. In its request of July 14, 1959, the Service urges only that *Matter of D——*, *supra*, be overruled. However, in reality, it is seeking to overthrow the long-standing practice we have mentioned without even commenting on its existence. The cases next cited confirm the existence of this rule.

In *Matter of G——*, 1 I. & N. Dec. 96, a decision approved by the Attorney General on January 14, 1942, there was involved article 780 of the Texas Code of Criminal Procedure which permits certain defendants to move for a new trial and dismissal of the case after the expiration of time assessed as punishment by the jury.

There, following the conclusion of the deportation hearing and pursuant to this statutory provision, the court entered an order granting a new trial to the alien and dismissing the cause. We said (at p. 97) that deportation could not be ordered on the basis of the *conviction* of crime because "today there is not outstanding a conviction of the respondent for this crime." Since there was in that case no further discussion of this matter, it seems obvious that the proposition that the expungement of a conviction rendered the conviction ineffective to support an order of deportation was believed no longer open to question at the time of our decision in that case in 1941. The only question which it was considered necessary to discuss there was whether the alien's original plea of guilty to the offense constituted an *admission* of the crime for immigration purposes.

Article 780 of the Texas Code of Criminal Procedure was also pertinent to the decision in *Matter of L——R——*, 7 I. & N. Dec. 318. In that case, sentence was suspended on recommendation of the jury. On February 18, 1957, the Attorney General ordered termination of the deportation proceeding and held that the conviction lacked finality. There, the period of punishment assessed had not expired and the conviction had not been expunged when the case was considered by the Attorney General, but the decision turned on the specific language of article 778 of the Texas law, relating to suspended sentences, which is to the effect that neither a verdict of conviction nor the judgment entered thereon becomes final unless there has been a final conviction for another felony during the period of suspension of the sentence. Similar language is not contained in the California statute under discussion. However, if the conviction lacked finality under the circumstances present in *Matter of L——R——, supra*, the Service can hardly be correct in its view that there was a final conviction in *Matter of D——, supra*, since in that case the conviction had already been expunged at the time the case was considered.

In *Matter of O——T——*, 4 I. & N. Dec. 265, which was a decision by the Central Office of the Service in 1951, it was stated at page 266, "The Service and the Board of Immigration Appeals have held in numerous cases that the proceedings under section 1203.4 [of the California Penal Code] expunge the record of conviction and that *thereafter* it may not serve as the basis for an order of deportation" (emphasis supplied). The cases cited in that decision show that this had been the rule concerning section 1203.4 since at least 1943, and the matter was so well settled that the only reported cases are those dealing with possible exceptions to the rule. In addition to *Matter of O——T——, supra*, the existence of the rule is illustrated by *Matter of E——V——*, 5 I. & N. Dec. 194 (1953); *Matter of H——*, 6 I. & N. Dec. 619 (1955); and *Matter of S——R——*, 7 I. &

433

N. Dec. 495 (1957), in all of which section 1203.4 of the California Penal Code was involved.

In *Matter of D——*, *supra*, which the Service says is in conflict with the decision in the respondent's case, the special inquiry officer, in terminating the deportation proceeding, also referred to the well-settled rule mentioned above and stated that section 1203.4 of the California Penal Code had "uniformly been held to expunge and remove the conviction as a basis for deportation." In our decision of March 6, 1958, in that case, we stated (p. 674) that the action taken by the California court removed the alien's conviction as a basis for deportation, and we affirmed the special inquiry officer's order terminating the proceeding. If this Board erroneously stated the law in *Matter of D——*, *supra*, as contended in the present motion, we do not understand why the Service did not even file a motion for reconsideration of that decision at the time it was rendered.

When the Service urged, in *Matter of D——*, *supra*, that the special inquiry officer had erred in terminating the deportation proceeding, this was based on the fact that the alien was charged with being deportable under 8 U.S.C. 1251(a)(11) and that 8 U.S.C. 1251(b), as amended July 18, 1956 (1958 ed.), provided, in effect, that a *pardon* would not relieve from deportation an alien deportable under 8 U.S.C. 1251(a)(11). It was contended by the Service that an expungement of the record of conviction in California was the equivalent of a pardon and that, therefore, expungement of the conviction did not relieve the alien from liability to deportation. That was the sole argument advanced by the Service in that case. The Service made no attempt there to contradict the special inquiry officer's statement that the expungement of a conviction in California had uniformly been held to remove the conviction as a basis for deportation, nor did it request repudiation of the rule. On the contrary, *Matter of D——*, *supra*, would seem to indicate acquiescence of the Service in the rule as to deportation under 8 U.S.C. 1251(a)(4) for convictions involving moral turpitude with a request for an exception to the rule in the cases of deportations under 8 U.S.C. 1251(a)(11) relating to narcotic convictions.

On page 2 of its motion, the Service quoted a statement from *Arrellano-Flores* v. *Hoy*, *supra*, at page 668, which is to the effect that the court could not ignore what transpired in the criminal proceedings but that possibly Congress intended to do its own defining (of "convicted") rather than leaving the matter of what constituted a conviction for determination under the statute of the particular state. Actually, the word "convicted" is not one of the terms which was defined in 8 U.S.C. 1101, but the decision in *Pino* v. *Landon*, *supra*, must be considered, of course, an interpretation of "convicted" limiting it to convictions which have sufficient finality.

The opinion of the Court of Appeals in this respondent's case shows that the statement quoted by the Service related to a contention of the respondent based on a decision of the Seventh Circuit that one Freislinger had not been convicted under Illinois law because a final judgment of conviction had not been entered. In holding that this respondent had been "convicted," the Court of Appeals did not base its decision upon the proposition that the provisions of the California statute or what transpired in the criminal proceedings should be disregarded. On the contrary, in the next paragraph following the one quoted by the Service, the Court of Appeals stated that California would consider that on this record there was a conviction. Parenthetically, we observe that the court had also stated at page 667 of the opinion that under California law such a sentence as was prescribed with respect to this respondent does not constitute a final judgment from which an appeal may be taken, citing *In re Marquez*, 45 P. 2d 342. That case was decided in 1935. However, section 1237 of the California Penal Code, as amended in 1951, relating to cases in which the defendant may appeal, contains the specific statement, "an order granting probation [which is what occurred in the respondent's case] shall be deemed to be a final judgment within the meaning of this section."

With reference to the above-mentioned quotation by the Service from the opinion of the Court of Appeals, it is followed by this statement in the motion of July 14, 1959: "It is the Service view that this statement correctly reflects the Congressional intent, and that a conviction has occurred within the meaning of the immigration laws, notwithstanding subsequent legal process under the California statutes whereby this record of conviction ceases to exist for some purposes." On page 3 of the motion it is stated that, "in asserting that an alien is properly held not deportable where the conviction has been expunged, the Board has asserted a legal principle contrary to that set forth in the Ninth Circuit in the instant case." We consider it appropriate to comment on two matters raised by these statements of the Service.

In the first place, we understand from the two statements mentioned above that it is the view of the Service that *Arrellano-Flores v. Hoy, supra*, holds that this respondent will continue to remain deportable even if his conviction should hereafter be expunged under section 1203.4 of the California Penal Code. However, the decision of the Court of Appeals shows that it did not even consider the effect of a possible expungement of the record of conviction.

The Court of Appeals stated in its opinion (p. 667) that the principal issue was whether the alien had been "convicted"; that the judgment of the State court was that the proceedings be suspended and that probation be granted upon the condition that the

435

alien serve one year in the county jail; and that, because of this "rubbery end" to the trial, the alien says he has not been "convicted" but just found guilty. In other words, the respondent's contention before the Court of Appeals had nothing to do with section 1203.4 but only with his claim that he had not been convicted because, although he was required to serve one year's imprisonment, the State court had actually suspended the imposition of sentence. (We had previously held in *Matter of O——*, 7 I. & N. Dec. 539 (1957), that there was finality of conviction where imposition of sentence was suspended.) Since counsel, before the Court of Appeals, did not even raise his contention that the respondent should not be deported because of the possibility that he might be able to have the record of conviction expunged at some future date and inasmuch as that question was not considered by the Court of Appeals, we believe it is clear that the decision in *Arrellanos-Flores* v. *Hoy*, *supra*, cannot be considered as offering any support for the contention of the Service that an alien remains deportable after his conviction has been expunged.

Our second comment concerning the two statements of the Service mentioned above is with respect to that part which is to the effect that, when a conviction has been expunged under section 1203.4 of the California Penal Code, it "ceases to exist *for some purposes.*" Section 1203.4 specifically provides that upon the court's dismissal of the accusations or information against the defendant, he "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." The comprehensive language which was used does not indicate that the conviction ceases to exist only for some purposes. The one statutory exception is contained in the proviso quoted above, which is part of section 1203.4, to the effect that in any subsequent prosecution the prior conviction may be pleaded and proved and shall have the same effect as if the information had not been dismissed.

The Service also stated that this Board has recognized that the expunging of the record of conviction in California does not completely obliterate the fact that the unlawful acts occurred, citing *Matter of H——*, 6 I. & N. Dec. 619; *Matter of S——R——*, 7 I. & N. Dec. 495; and *In re Paoli*, 49 F. Supp. 128 (N.D. Cal., 1943). The statement itself is correct and we agree that we have said this.

The statement mentioned in the preceding paragraph appears to have been first discussed in *Matter of O——T——*, 4 I. & N. Dec. 265 (1951). There an alien was convicted of petty theft in 1940 and in 1949 deportation proceedings were instituted on the basis of this conviction. Thereafter, the conviction was expunged under section 1203.4 of the California Penal Code. After commenting upon the fact that it had been held in numerous cases that following such

436

expungement the record of conviction could not serve as the basis for deportation. it was stated that reconsideration of the question had been requested by a reviewing officer because of the decision of the Supreme Court of California in *Meyer* v. *Board of Medical Examiners*, 206 P. 2d 1085 (1949). The *Meyer* case involved suspension of a physician's license and the court had said that the expungement of a conviction does not obliterate the fact that there has been a final adjudication of guilt of the crime. *Matter of O—— T——*, *supra*, was a decision of the Central Office of the Service and, after reviewing a number of California cases, the final conclusion was that no change was warranted in the view that the deportation charge is not sustained where the record of conviction has been expunged. Since the Service itself considered the issue raised by the *Meyer* case when it decided in 1951 to adhere to the previous practice, there is an incongruity connected with the Service now bringing up the same factor in urging reversal of the well-settled rule that an alien is not deportable on the basis of a conviction which has been expunged.

Although we said in *Matter of H——*, *supra*, and *Matter of S—— R——*, *supra*, that the expunging of the record of conviction does not completely obliterate the fact that the unlawful acts occurred, it is significant that each case clearly shows that no change was being made in the rule which had been in effect since at least 1943 that a deportation charge is not supported by a record of conviction which has been expunged. *Matter of H——*, *supra*, even went a step beyond this. There the alien had been convicted of two offenses involving moral turpitude during the preceding five years and the records of conviction had been expunged under section 1203.4 of the California Penal Code. In that case there was no attempt to predicate a deportation charge on the expunged convictions, and the question involved was whether, under section 101(f)(3) of the Immigration and Nationality Act [8 U.S.C. 1101(f)(3)], the alien was precluded from establishing good moral character because of the two offenses which he had committed during the five-year period. We held that the expungement of the convictions removed the statutory bar to proving good moral character and we found the alien eligible for voluntary departure. Our decision was approved by the Attorney General on October 18, 1955.

We do not consider that *In re Paoli*, *supra*, is of any value in supporting the present position of the Service. That case involved an applicant for naturalization. The court held that an expunged conviction could be considered on the question of whether the applicant had established good moral character but a principal reason for the conclusion was that the court, in naturalization cases, could find lack of good moral character merely on the basis of unlawful acts com-

mitted by the applicant regardless of whether the applicant had ever been prosecuted therefor.

On pages 2 and 3 of its motion, the Service refers to the fact that an offense which has been expunged may be pleaded and proved during the prosecution of a second offense and, as we have indicated above, this is a specific provision of section 1203.4 of the California Penal Code. The Service then says: "If so pleaded and proved, it would, in the Board view, have the incidental effect of resurrecting deportability." There is also a reference to the "vacillating rule" of the Board. We believe the Service is well aware that we have not held, nor have we said, that an alien who was not deportable on the basis of an expunged conviction, becomes deportable on the same conviction if the first conviction was pleaded and proved in a second prosecution. Actually, in *Matter of S——R——*, 7 I. & N. Dec. 495, it was the Service which argued that, in accordance with the proviso to section 1203.4, a subsequent prosecution automatically revived an expunged conviction. We declined there to follow that view. Under the circumstances, these remarks of the Service are unwarranted.

The Service also referred to our interpretation of a Federal statute "in which the Congress saw fit to state that an alien who had committed the particular crime or crimes, and as to whom the judicial process has acted with sufficient finality to adjudicate the issue that he was in fact guilty of that crime, was not a proper person to continue to reside in this country." The statutory provision on which this deportation is predicated is section 241(a)(11) of the Immigration and Nationality Act [8 U.S.C. 1251(a)(11)] and the part which is pertinent to this case is that requiring the deportation of an alien "* * * who has been convicted of a violation of * * * any law * * * controlling the * * * sale * * * of * * * marihuana * * *."

The Congress did not define "convicted" nor does the statute contain any of the language which the Service seeks to ascribe to the Congress. The question under 8 U.S.C. 1251(a)(11) is simply whether an alien has been "convicted" of any of the narcotic offenses mentioned therein and whether there is finality of conviction in accordance with *Pino v. Landon, supra*. We have held that this respondent was convicted and that he is deportable. Where the record of conviction has been expunged, as in *Matter of D——, supra*, it is our considered opinion that the expunged conviction cannot support an order of deportation. We hold, therefore, that *Matter of D——, supra*, was correctly decided and that no change is warranted in that decision.

We turn now to the contention of the Service that there is a conflict between our decision concerning this respondent and the decision in *Matter of D——, supra*. Our position is (1) that an alien may be

438

deported even though there is a possibility that at some future date he might be able to secure the expungement of his conviction under the law of the state where the conviction occurred, and (2) that an alien is not deportable on the basis of a conviction which has been expunged. This is the distinction between the two cases. In the respondent's case, the conviction has not been expunged, and there is no assurance that it ever will be expunged. Accordingly, we hold that he is deportable. In *Matter of D——*, *supra*, the conviction had been expunged and we held, therefore, that he was not deportable. The Service understands that we had made this distinction in our previous order. However, its motion of July 14, 1959, seems to indicate that the Service believes there is something anomalous about the fact that an alien can be deported before his conviction is expunged but the same alien for the same crime cannot be deported after the conviction has been expunged. Apparently this is advanced as an argument why there is a conflict between the two decisions. However, in view of the distinction between the two cases which we have pointed out, we do not consider that there is a conflict nor that the argument is a valid one.

A situation similar to the foregoing is present in every deportation under 8 U.S.C. 1251(a)(4) predicated on conviction for a crime involving moral turpitude. There, deportation is lawful if the alien is deported before he can secure a pardon for the crime, but, if a deportation proceeding is instituted and the alien then obtains a pardon during the pendency of the proceeding, he cannot thereafter be deported on the basis of the pardoned crime. As we stated in our previous order, there have been many cases in which aliens have been found deportable under 8 U.S.C. 1251(a)(4) and subsequently obtained pardons after which the deportation proceedings were terminated. In *Houvardas* v. *Wixon*, 169 F.2d 980 (C.A. 9, 1949), cert. den. 336 U.S. 913, it was held that the alien was deportable although he was eligible for a pardon and the court apparently believed that the delay in securing a pardon was not the fault of the alien. In *Matter of R——R——*, 7 I. & N. Dec. 478 (1957), we held, with respect to a Texas statutory provision similar to section 1203.4 of the California Penal Code, that the fact that the conviction may be expunged upon satisfactory fulfillment of the conditions of probation does not affect the finality of the conviction during the period of probation. Hence, these cases illustrate the invalidity of the Service view that there is something repugnant about the fact that an alien can be deported prior to the expungement of the conviction and cannot be deported if the conviction has been expunged before deportation takes place.

As we have indicated above, our position that an alien cannot be deported after the conviction has been expunged is not something

which originated in *Matter of D*——, *supra*, but was acknowledged by the Service as being well settled when it decided in 1951 in *Matter of O*——*T*——, *supra*, that no change was warranted in that rule. On the other hand, the fact that there is a possibility that an alien's conviction may be expunged at some future date has not heretofore deterred the Service from instituting deportation proceedings. For example, that is the situation in this respondent's case; in *Matter of O*——*T*——, *supra*, the decision shows that, after the deportation proceeding had been instituted, the record of conviction was expunged and the proceeding was then terminated; and that was true also with respect to *Matter of D*——, *supra*, in which the record of conviction was expunged on August 31, 1957, and the special inquiry officer's decision in that case shows that the order to show cause instituting the proceeding was served prior thereto—on March 12, 1957.

In disagreeing with the proposition that an alien's deportability may depend upon whether he succeeds in having his conviction expunged before deportation takes place, the Service speaks of the "procedural requirements" of the California statute coming into play as though every defendant who has completed his probation is entitled to have the conviction expunged. It is clear from section 1203.4 of the Californial Penal Code that such is not the case because it is specifically limited to a defendant "who has fulfilled the conditions of his probation *for the entire period thereof*, or who shall have been discharged from probation prior to the termination of the period thereof." Hence, if a defendant is not within either of these categories, he is not entitled to have his conviction expunged.

The present respondent was on April 6, 1956, placed on probation for five years. We do not know whether he has thus far fulfilled the conditions of his probation or whether he will continue to do so until the expiration of five years on April 6, 1961. For that reason, we said in our order of June 24, 1959, that section 1203.4 of the California Penal Code does not assure the respondent that his conviction will be set aside, and the mere fact that such a possibility exists does not seem to us a proper basis for terminating this deportation proceeding as counsel for the respondent requested.

For the reasons stated above, we hold that there is no conflict between the rule which has been in effect since 1943 concerning section 1203.4 of the California Penal Code (or *Matter of D*——, *supra*) and the decision which was rendered in the respondent's case. We adhere to the 1943 rule that a conviction which has been expunged will not support an order of deportation. While counsel for the respondent had also claimed that there was a conflict between the decision in the respondent's case and the decision in *Matter of D*——, *supra*, his position was the opposite of that urged by the Service, that is, counsel contended that *Matter of D*——, *supra*, had been

correctly decided and that it required termination of the proceedings against this respondent. Our reasons for rejecting his contentions are set forth fully in our order of June 24, 1959, and need not be further discussed. The Service has not expressed disagreement with any of the statements which we made in our previous order in connection with our rejection of counsel's contentions except regarding the question of whether there was a conflict between *Matter of D——, supra,* and the decision in the respondent's case. That point was discussed in the decision of June 24, 1959, as well as in the present order. As requested by the Service, this case will be certified to the Attorney General.

**Order:** It is ordered that our orders of September 14, 1956, and June 24, 1959, be affirmed.

*It is further ordered* that this case be referred to the Attorney General for review under 8 CFR 3.1(h)(1)(iii) in accordance with the request of the Service.

### BEFORE THE ATTORNEY GENERAL
(October 12, 1959)

The Board of Immigration Appeals, at the request of the Commissioner of Immigration and Naturalization, has referred to me for review, as provided by 8 CFR 3.1(h) its order of September 14, 1956, dismissing the respondent's appeal from the order of a special inquiry officer directing his deportation and its order of June 24, 1959, denying respondent's motion for reconsideration.

The special inquiry officer directed the respondent's deportation on the ground that he was an alien who had been convicted of a narcotic offense. Section 241(a)(11) of the Immigration and Nationality Act, 66 Stat. 204, as amended, 8 U.S.C. 1251(a)(11), provides in pertinent part for the deportation of any alien:

* * * who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of (specified narcotic drugs) * * *.

On November 14, 1955, an accusation was filed against respondent in a Superior Court of the State of California charging him with having unlawfully sold, furnished, and given away, flowering tops and leaves of Indian hemp (*cannabis sativa*) (marihuana) in violation of section 11500 of the California Health and Safety Code. After trial respondent was found guilty of the offense, and on April 6, 1956, the court entered the following order:

441

Proceedings suspended, Probation granted for five years, condition, one year County Jail; residence and employment to be approved by Probation Officer; no narcotics; stay away from persons and places where narcotics are used; obey all laws and rules of Probation Department.[1]

The respondent has served one year in the county jail; his term of probation will not expire until April 6, 1961. The Board of Immigration Appeals dismissed respondent's appeal from the order of deportation without opinion.

Respondent thereupon instituted an action in the United States District Court for the Southern District of California challenging the validity of the deportation order. The district court upheld the order. The judgment of the district court was affirmed by the Court of Appeals for the Ninth Circuit (*Arrellano Flores* v. *Hoy*, 262 F.2d 667 (1958)). The Court of Appeals stated that the respondent's principal contention was that he had not been "convicted" within the meaning of section 241(a)(11) of the Immigration and Nationality Act since "(t)he judgment of the state court, after the finding of guilt, was that the proceedings be suspended and that probation be granted upon the condition that appellant serve one year in the county jail." The court rejected this contention, holding that whatever might be the state law as to whether there had been a conviction Congress intended the question to be determined by reference to federal law. The court stated (p. 668):

While one cannot close one's eyes to the state's statutes and what transpired in the state's proceedings, we are inclined to the belief that perhaps here Congress intended to do its own defining rather than leave the matter to the variable state statutes. Credence for this view can be found in the fact the present statute reads "convicted" while its predecessor, 46 Stat. 1171 (Chap. 224), read "convicted and sentenced."[2] It would appear that federal

---

[1] Section 1203.1 of the California Penal Code provides that the Court, in ordering probation, may suspend the imposing or the execution of the sentence and may direct that such suspension shall continue for a period not exceeding the maximum possible term of the sentence, and that as a condition of probation may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law "in the instant case."

[2] The reference to the predecessor statute is to the Act of February 18, 1931, 46 Stat. 1171. The words "and sentenced" were eliminated in 1940, 54 Stat. 673. That act also extended deportability to aliens convicted of a violation of state as well as federal narcotic laws. These changes were carried forward into the 1952 act. The legislative history of the 1940 amendments does not disclose any specific discussion as to the change from "convicted and sentenced" to "convicted." See Hearings before a Subcommittee of the Senate Judiciary Committee, 76 Cong., 3d Sess., on H.R. 5138, 76th Cong., H.R. Rept. Nos. 994, 2683, S. Rept. No. 1796, 86 Cong. Rec. 8340-49, 9029-36.

A further amendment was made by the Narcotic Control Act of 1956, 70 Stat. 575, to provide that a pardon was not to relieve from deportability an alien otherwise deportable because of conviction of a narcotic offense. See Gordon and Rosenfield, *Immigration Law and Procedure*, § 4.17.

courts have generally taken the view that a plea of guilty or a finding of guilty, which is in repose and remains undisturbed, amounts to a conviction. See *Kercheval* v. *United States*, 274 U.S. 220.

But if our question is whether California would consider on this record there was a conviction, then it is clear that California has answered in the affirmative. *In re Morehead*, 107 Cal. App. 2d 346, 237 P. 2d 335; *People* v. *Christman*, 41 Cal. App. 2d 158, 106 P. 2d 32.[3]

The respondent thereupon filed a petition in the Supreme Court for a writ of certiorari. That petition is now pending.* In May 1959, the Solicitor advised the Court that after the petition had been filed, "it was discovered that the Board of Immigration Appeals had rendered a decision (*Matter of D———*, 7 I. & N. Dec. 670 (March 6, 1958)), subsequent to the decision in this case, which may be inconsistent therewith since it expressed the view that a person who is "released from all penalties and disabilities pursuant to section 1203.4 of the California Penal Code, after a period of probation,[4] is not a person 'convicted' for the purposes of deportation." It was further stated that on the basis of the latter decision the petitioner (the respondent herein) had moved the Board for reconsideration; and in view of the fact that "the administrative position as to the effect of a California judgment of probation is thus presently under reexamination," the court was requested to defer action on the petition until after the ultimate determination of petitioner's motion for reconsideration.

On June 24, 1959, the Board denied respondent's motion for reconsideration. The Board held that its decision in *Matter of D———*, *supra*, did not require a different determination in respondent's case, stating that while the cases were similar in both involved like statutes, namely § 1772 of the California Welfare and Institutions Code and § 1203.4 of the Penal Code,[5]—

---

[3] The Court of Appeals stated (p. 667), citing *In re Marquez*, 3 Cal.2d 625, 45 P. 2d 342 (1935), that under California law "such a sentence as was prescribed here does not constitute a final judgment from which an appeal may be taken." The court apparently overlooked the 1951 amendment of § 1237 of the California Penal Code, which now expressly provides that an order granting probation "shall be deemed to be a final judgment" for purposes of appeal. See *People* v. *Hedderly*, 43 C.2d 476, 274 P. 2d 857 (1954).

*Cert. den. 362 U.S. 921 (1960).

[4] Section 1203.4 provides that a defendant who has fulfilled the conditions of his probation may be permitted by the court "to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

[5] In *Matter of D———*, 7 I. & N. Dec. 670, the respondent, as in this case, was charged with being deportable pursuant to § 241(a)(11) of the Immigration and Nationality Act in that he had been convicted in California for unlawfully

* * * we are convinced that there is no statutory authorization for complying with counsel's request that the deportation proceeding be terminated in the respondent's case on the basis of the possibility that at some future date he might have his narcotic conviction set aside. The situation is different when a record of conviction *has already been expunged* in California because, in such a case, there is *no conviction whatever* to support an order of deportation. (Emphasis by the Board.)

Referring to respondent's contention that the state court conviction lacked finality because the imposition of sentence had been suspended, the Board said:

* * * The opinion of the Court of Appeals for the Ninth Circuit shows that it was fully aware of the judgment of the state court inasmuch as there is a recital of the fact that the state court had ordered that the proceedings be suspended and that probation be granted upon the condition that the respondent serve one year. It was this exact question which was considered by the United States Court of Appeals and it concluded that the respondent had been "convicted" within the meaning of 8 U.S.C. 1251(a)(11). * * *

On July 14, 1959, the Commissioner of Immigration and Naturalization requested the Board to refer the case to the Attorney General for review. The Commissioner, stating that "administrative reconsideration" had been sought so that the Board might have "an opportunity to consider an apparent conflict in its decisions, and to clarify the Attorney General's position with respect to the issue involved," asserted that the factual distinction relied upon by the Board to support its holding in *Matter of D——, supra*, had no legal significance. The Commissioner argued that a correct interpretation of § 241(a)(11), reflected in the opinion of the Court of

---

selling marihuana. By order dated June 20, 1956, the court committed the respondent to the Youth Authority of California for the term prescribed by law. Section 1772 of the Welfare and Institutions Code provides that in the case of a person honorably discharged from control by the Youth Authority, the court which committed him may set aside the verdict of guilty and dismiss the accusation or information and he "shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed." During the pendency of the deportation proceeding the court entered an order pursuant to § 1772, setting aside the respondent's plea of guilty and dismissing the information. The special inquiry officer terminated the deportation proceeding on the ground that as a consequence of the proceedings under § 1772 the respondent no longer stood convicted of the crime upon which the deportation proceeding was based. The Immigration and Naturalization Service contended before the Board of Immigration Appeals that a § 1772 "expungement of the conviction" is equivalent to a pardon and, accordingly, that the respondent remained deportable since the 1956 amendment to § 241(a)(11) (see Footnote 2, *supra*) removed a pardon as the basis for relief from deportation thereunder. The Board rejected this contention, stating that the question was not one of a pardon but rather of conviction and that the respondent had not been convicted within the meaning of § 241 (a)(11).

*Matter of D——, supra*, was not referred to the Attorney General for review of the Board's decision.

444

Appeals, was that "a conviction has occurred within the meaning of the immigration laws, notwithstanding subsequent legal process under the California Statutes whereby this record of conviction ceases to exist for some purposes." And he continued:

It is, therefore, the Service view that *Matter of D——* erroneously states the law. It is further the Service view that the order entered by the Board on June 24, 1959, in no way resolves a conflict of law between that case and the instant case, since in asserting that an alien is properly held not deportable where the conviction has been expunged, the Board has asserted a legal principle contrary to that set forth in the Ninth Circuit in the instant case. Accordingly, since the issue is one which must be resolved in order that appropriate action may be taken in connection with the petition for certiorari to the Supreme Court (sic), it is requested that the case be certified to the Attorney General.

In referring the case to me for review, the Board has adhered to its view that the distinction between *Matter of D——, supra,* and this case is a valid one, and is consistent with the opinion of the Court of Appeals. The Board also states that acceptance of the Commissioner's view "would logically require a conclusion that the setting aside of a conviction, in accordance with similar statutory provisions of other States, likewise would be ineffective to prevent deportation," thus overturning a long-established administrative practice.

The special inquiry officer, the Commissioner of Immigration and Naturalization, the Board of Immigration Appeals, the District Court, and the Court of Appeals are in agreement that the respondent was convicted of a narcotic violation within the meaning of § 241(a)(11) of the Immigration and Nationality Act. I am in accord. I, therefore, affirm the order of the Board dismissing the respondent's appeal and denying his petition for reconsideration. However, it is my view that for the purpose of § 241(a)(11) it is immaterial that pursuant to a state statute like § 1203.4 of the California Penal Code or § 1772 of the Welfare and Institutions Code the verdict of guilty has been set aside and the criminal charge dismissed. I, therefore, disagree with the Board that in such cases "there is no conviction whatever to support an order of deportation." I limit my disagreement to the precise issue presented—namely, a deportation proceeding brought under § 241(a)(11), as it may be affected by state laws of the nature of the California statutes considered herein.

The history of § 241(a)(11) convinces me that Congress did not intend that aliens convicted of narcotic violations should escape deportation because, as in California, the State affords a procedure authorizing a technical erasure of the conviction. Traffic in narcotics has been a continuing and serious Federal concern. Congress has progressively strengthened the deportation laws dealing

445

with aliens involved in such traffic. Thus, as indicated above (footnote 2), in 1940 the deportation statute was amended to eliminate the requirement that in addition to a conviction there must be a sentence. At the same time the statute was extended to convictions for violation of State as well as Federal statutes. And, since the 1956 amendment an alien may no longer escape deportability by proffering a pardon. In the face of this clear national policy, I do not believe that the term "convicted" may be regarded as flexible enough to permit an alien to take advantage of a technical "expungent" which is the product of a state procedure wherein the merits of the conviction and its validity have no place. I believe that Congress intended the inquiry to stop at the point at which it is ascertained that there has been a conviction in the normal sense in which the term is used in Federal law. See *Berman* v. *United States*, 302 U.S. 211 (A defendant is convicted even though the trial court, after imposing sentence, has placed the defendant on probation.). Of course, if the conviction is still subject to reversal by the usual processes of appellate scrutiny, the statute is not satisfied. But beyond this I do not think the inquiry can extend, consonant with the Congressional purpose and policy. I, therefore, regard it as immaterial for the purposes of § 241(a)(11) that the record of conviction has been cancelled by a state process such as is provided by § 1203.4 of the California Penal Code and by § 1772 of its Welfare and Institutions Code.

Moreover, to follow the Board's view would make the deportability of the alien depend upon the vagaries of state law. It has been said that only in California and a few other States is provision made for the cancellation of a record of conviction or for the withdrawal of a plea of guilty, upon the termination of probation *Probation and Related Measures* (U.N. Publication No. 1951, IV 2) 106. And § 1203.4 of the California Penal Code (and presumably § 1772 of the California Welfare and Institutions Code has been characterized as "without parallel in the legislation o any other state" in providing for a release of the probationer from all penalties and disabilities resulting from conviction. 2 Stan Law Rev. 221, 222 (1949). It is hardly to be supposed tha Congress intended, in providing for the deportation of aliens co victed of narcotic violations, to extend preferential treatment those convicted in the few jurisdictions, which, like California, pr vide for the expungement of a record of conviction upon the te mination of probation.

446