MATTER OF ZINGIS

In Deportation Proceedings

A-7900466

*Decided by Board March 14, 1974*

The setting aside of a narcotics conviction pursuant to the provisions of the
Federal Youth Corrections Act (18 U.S.C. 5021(b)) operates to eliminate the
conviction as a basis for deportation under section 241(a)(11) of the Immigra-
tion and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of
violation of law relating to illicit traffic in marijuana,
to wit, the District of Columbia Code, section 33-402.

ON BEHALF OF RESPONDENT: Jack Wasserman, Esquire
1707 H Street, N.W.
Washington, D. C. 20006

This case is before us on certification from an order of the
immigration judge terminating deportation proceedings. The deci-
sion of the immigration judge will be affirmed.

The record relates to a 24-year-old single male alien, a native of
Germany, who entered the United States for permanent residence
on November 24, 1950, when he was one year of age. He was
convicted of a narcotics violation, on February 20, 1968, upon a
plea of guilty, in the Superior Court of the District of Columbia. At
sentencing, on May 7, 1968, he received a suspended sentence and
one year probation. Thereafter the Immigration Service com-
menced deportation proceedings. An order of deportation was
entered on December 10, 1968 and was sustained by us on May 5,
1969. After the judge of the Superior Court was apprised of the
deportation order, he entered an order, dated July 28, 1970,
resentencing the respondent[1] under the Federal Youth Correc-

---

[1] The service has not raised as an issue the question of whether the court had
authority to resentence the respondent and whether the act of so doing
eliminates the adult narcotics offense from our consideration. We shall, there-
fore, assume that the court was authorized in the action it took and that the new
sentence is the only one with which we are concerned.

621

tions Act, 18 U.S.C. 5005, et seq.[2] The respondent could have been sentenced under the Federal Youth Corrections Act originally, as he was then less than 21 years of age. The judge's order extended probation until January 2, 1971 and was nunc pro tunc to May 7, 1969, the date on which the original sentence expired. The Federal Youth Corrections Act contains a provision that convictions thereunder may be automatically set aside prior to the expiration of probation.[3] The court terminated the respondent's probation on December 8, 1970, and issued a "Certificate of Vacation of Conviction," stating that "this Court discharged Maris Zingis from probation prior to the expiration of the maximum period of his probation and therefore the judgement of conviction entered by this Court on 2-20-1968 ... has been set aside pursuant to the provisions of Section 5021(b), Title 18, U.S. Code." Thereupon, the respondent moved us to reopen and reconsider our decision ordering his deportation. We granted the motion and remanded to the immigration judge on November 10, 1971 for a certified court record of the complete disposition of the criminal offense. On remand the immigration judge terminated the proceedings on the basis of *Mestre Morera* v. *INS*, 462 F.2d 1030 (C.A. 1, 1972), and certified the case to this Board.

The issue before us is whether the setting aside of a conviction under the Federal Youth Corrections Act can operate to eliminate the conviction as a basis for deportation under section 241(a)(11) of the Immigration and Nationality Act. The same question was considered in the case of *Mestre Morera* v. *INS*, *supra*, wherein the court decided to set aside the order of deportation. We are in accord with the holding of that case, and in agreement with the immigration judge's decision to follow it.

In enacting the Federal Youth Corrections Act, Congress expressed its objectives as the rehabilitation of youthful offenders to enable them to become useful citizens in our society, *U.S. Code Congressional Service*, 81st Congress, 2d Sess., page 3983 (1950). The desire of Congress to give youth a new chance would be

---

[2] "§ *5006. Definitions.* ... (e) 'Youth offender' means a person under the age of twenty-one years at the time of conviction; ...."

\* \* \* \* \*

"§ *5010. Sentence.* (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."

[3] "§ *5021. Certificate setting aside conviction.* ... (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

thwarted by deportation. Its policy to provide for expungement of offenses by juveniles is as important a congressional policy as the policy to deport narcotics offenders.

We are aware that the Ninth Circuit has expressed disapproval of the holding in *Mestre Morera* v. *INS, supra, Andrade-Gamiz* v. *INS*, No. 73-474 (C. A. 9, 1973), aff'g *Matter of Andrade-Gamiz*, Interim Decision No. 2205 (BIA 1973). The Ninth Circuit cited *Hernandez-Valenzuela* v. *Rosenberg*, 304 F.2d 639 (C.A. 9, 1962), for the proposition that the result in *Mestre Morera* v. *INS, supra*, had already been rejected by the Ninth Circuit. Actually, *Hernandez-Valenzuela* v. *Rosenberg, supra*, is distinguishable from *Mestre Morera* v. *INS, supra*, because the two cases did not reach the same issue. *Hernandez-Valenzuela* v. *Rosenberg, supra*, involved a Federal Youth Corrections Act conviction which had not yet been set aside. The alien urged that the conviction was not final, because of the possibility that it could be later set aside. The court rejected the alien's argument and stated "... the possibility of future grace in no respect affects the present fact of guilt." In *Mestre Morera* v. *INS, supra*, and in the case before us, the convictions have already been set aside. Thus the holding in *Hernandez-Valenzuela* v. *Rosenberg, supra*, did not necessarily stand for the proposition that a narcotics conviction under the Federal Youth Corrections Act which *has* been set aside remains as a basis for deportation, because in that case the conviction had *not* been set aside. Therefore the cases are distinguishable and reconcilable.

Furthermore, we believe that *Andrade-Gamiz* v. *INS, supra*, is distinguishable from *Mestre Morera* v. *INS, supra*, and that the Ninth Circuit in deciding the former case did not need to reach the issue of the effect of a narcotics conviction which has been set aside under the Federal Youth Corrections Act, because *Andrade-Gamiz's* case did not involve a Federal Youth Corrections Act conviction, but rather a state expungement under California law. There is ample authority in the Ninth Circuit for the result reached in *Andrade-Gamiz* v. *INS, supra*, without reaching the issue presented in *Mestre Morera* v. *INS, supra*. The Ninth Circuit has held repeatedly that expungement of a narcotics conviction pursuant to the California expungement statute does not remove the conviction as a basis for deportation, *Brownrigg* v. *INS*, 356 F.2d 877 (C.A. 9, 1966); *Kelly* v. *INS*, 349 F.2d 473 (C.A. 9, 1965), cert. denied 382 U.S. 932 (1965); *Garcia-Gonzalez* v. *INS*, 344 F.2d 804 (C.A. 9, 1965). These cases support the decision of the Attorney General in *Matter of A—F—*, 8 I. & N. Dec. 429 (BIA, A.G. 1959), by which decision this Board is, of course, bound.

It is reasonable to distinguish the Federal Youth Corrections

623

Act from state expungement laws. Because the former is a Federal statute, there is no danger that it will render deportability of aliens subject to the vagaries of state law. Avoiding such a result was a primary object of the Attorney General in *Matter of A— F—*, supra, in which he deemed state court expungements of narcotics convictions of no effect on deportability. Furthermore, a California expungement is not a total expungement, because it may be considered upon sentencing of a second offense or as the basis for the loss of various licenses and other privileges. In addition, the California statute applies to all offenders, unlike the Federal Youth Corrections Act which applies only to youthful offenders.

These distinctions are significant. Under the provisions of the Federal Youth Corrections Act, the conviction, when it is set aside, is totally set aside. It may not be used in any way. It is a greater remedy than a pardon, *Tatum* v. *United States*, 310 F.2d 854 (D.C. Cir., 1967). It is available solely to juveniles.

For these reasons, we have concluded that the immigration judge's decision in terminating deportation proceedings was correct.

**ORDER:** The decision of the immigration judge is affirmed.

624