APPENDIX

MOTION OF COMMISSIONER
(April 3, 1974)

THE IMMIGRATION & NATURLIZATION SERVICE MOVES THE BOARD OF IMMIGRATION APPEALS FOR RECONSIDERATION AND WITHDRAWAL of its order of May 31, 1973 in the subject deportation proceedings, and for a termination of the proceeding.

## STATEMENT

On May 31, 1973, the Board affirmed the decision of the Immigration Judge directing the deportation of the alien by reason of his conviction of a violation of a law or regulation relating to the illicit possession of marijuana, in violation of § 241(a)(11) of the Immigration & Nationality Act. Deportability was based upon a conviction under California law, for possession of marijuana. In its decision the Board ruled that the alien remained deportable notwithstanding the fact that he was a minor at the time the conviction occurred and the conviction was later expunged under § 1772 of the California Welfare & Institutions Code, upon completion of youth offender treatment.

The respondent filed a Petition for Review of the order of the Board in the Court of Appeals for the Ninth Circuit. He reasserted his contention that in a similar case involving a federal conviction of a youth offender under 18 U.S.C. 5010(b), and a federal expungement under 18 U.S.C. 5021(a), an order of deportation was not upheld on the ground that Congress had shown a clear intention that the expungement should free the youth offender of all taint of a conviction (Morera v. INS, 462 F.2d 1030 (C.A. 1, 1972). The Court of Appeals for the Ninth Circuit declined to apply the Morera principle to the instant case, and affirmed the decision of the Board. A petition for certiorari was then filed.

## DISCUSSION

Attached herewith is a memorandum from the Solicitor General, to the General Counsel, Immigration & Naturalization Service, reflecting the view of the Solicitor General after a review of the issues involved in the subject case, that the Morera decision should

653

be extended to marijuana convictions of youth offenders where the crime has been expunged under state laws similar to the expungement provisions of the Federal Youth Corrections Act as in the instant case. Pusuant to this recommendation of the Solicitor General the Immigration & Naturalization Service has now adopted the position that marijuana violators, who are treated as youth offenders, under state laws, will be dealt with in the same manner as such offenders under federal law. It is to be noted that this position does not apply to offenses involving narcotics and drugs other than marijuana, nor to expungement under state laws that do not have a federal counterpart.

In view of the foregoing it is respectfully urged that the order entered by the Board on May 31, 1973 be withdrawn, and that the proceedings be terminated.

**MOTION IS MADE** that the order entered by the Board on May 31, 1973 be withdrawn, and that the proceedings be terminated.

Office of the Solicitor General
Washington, D.C. 20530
27 MAR 1974

Charles Gordon, Esquire
General Counsel
Immigration & Naturalization Service
Washington, D.C.

Re: Manuel Andrade-Gamiz v. Immigration & Naturalization Service, U.S. Supreme Court, No. 73–5694

Dear Mr. Gordon:

A petition for certiorari has been filed in the above-entitled case challenging a deportation order issued under 8 U.S.C. 1251(a)(11) based on the petitioner-alien's California conviction in 1971 for possession of marihuana (two or three cigarettes, as we understand it) in violation of state law. He was a minor at the time and was commited to California Youth Authority. He was honorably discharged about two years later, and his conviction has been set aside pursuant to Section 1772 of the California Welfare and Institutions Code, which provides for such expungement upon satisfactory completion of youth offender treatment. Petitioner contends, *inter alia*, that the Board of Immigration Appeals' refusal, summarily affirmed by the Ninth Circuit, to take into account the expungement of his conviction, erroneously construes Section 1251(a)(11) and conflicts with the First Circuit's decision in *Mestre Morera v. Immigration and Naturalization Service*, 462 F.2d 1030 (C.A. 1).

654

The purpose of this letter is to recommend that the Service promptly (a) revise its policies with respect to the application of Section 1251(a)(11) to a person in petitioner's situation, and (b) reconsider and set aside the instant deportation order. If such action is taken, we can so represent to the Supreme Court and suggest that the case is moot (or arrange for the petition to be withdrawn) thereby avoiding a challenge to the application of Section 1251(a)(11) in what I regard as perhaps the weakest possible context for the government. Our analysis of the problem follows.

Deportation statutes, because of their drastic consequences, must be strictly construed. *E.g., Barber* v. *Gonzales,* 347 U.S. 637, 642-643; *Fong How Tan* v. *Phelan,* 333 U.S. 6, 10. Accordingly, a state conviction of a youth offender for a marihuana offense which has been expunged following staisfactory rehabilitative treatment should not be regarded as the basis of deportation in the absence of persuasive reasons or a clear statement of congressional intent.

Under 8 U.S.C. 1251(a), various categories of aliens are subject to deportation, upon order of the Attorney General. One category includes, under specified circumstances, aliens "convicted of a crime involving moral turpitude" (8 U.S.C. 1251(a)(4)), while another includes, *inter alia,* narcotic drug addicts and persons "convicted of a violation of or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotics drugs or marihuana * * *." 8 U.S.C. 1251(a)(11).

Where a federal or state court conviction for a crime involving moral turpitude is expunged or set aside pursuant to a federal or state statute providing such a remedy (*e.g.,* upon completion of probation or after custody as a youth offender), the conviction is no longer a basis for deportation under Section 1251(a)(4). See, *e.g., Garcia—Gonzales* v. *Immigration and Naturalization Service,* 344 F.2d 804, 810 (C.A. 9), certiorari denied, 382 U.S. 840; *Matter of G—,* 1 I. & N. Dec. 96; *Matter of O—T—,* 4 I. & N. Dec. 265; *Matter of G—,* 9 I. & N. Dec. 159, 165; *Matter of Gutnick,* 13 I & N. Dec. 672.

Prior to *Morera,* however, it has been held that a state conviction covered by Section 1251(a)(11) but set aside under an expungement law similar to the federal act nevertheless remained a ground for deportation, regardless of the nature of severity of the violation, even though a conviction for a crime of moral turpitude thus set aside would not be a basis for deportation. This position was asserted by the Attorney General in 1959 in *Matter of A—F—,* 8 I. & N. Dec. 429, where a deportation order under Section 1251(a)(11) was based upon an alien's California conviction, notwithstanding the contention that the conviction might later be set aside under Section 1772 of the California Welfare and Instutions

655

Code providing for post-probation expungement.[1] Following the Attorney General's reasoning, some courts held that even where a state narcotics or marihuana conviction is actually set aside under a state law, the expunged conviction still requires deportation under Section 1251(a)(11). See *Garcia—Gonzales* v. *Immigration and Naturalization Service, supra; de la Cruz—Martinez* v. *United States.* 404 F.2d 1198 (C.A. 9), certiorari denied, 394 U.S. 955; *Gonzalez de Lara* v. *United States,* 439 F.2d 1316 (C.A. 5).

In *Morera,* however, the First Circuit held that a federal marihuana conviction set aside under the Federal Youth Corrections Act (8 U.S.C. 5021) following satisfactory completion of rehabilitative treatment or probation was not a basis for deportation under Section 1251(a)(11). The court stated in *Morera* (462 F.2d at 1032) that that Act:

> clearly contemplates more than a "technical erasure;" it expresses a Congressional concern, which we cannot say to be any less strong than its concern with narcotics, that juvenile offenders be afforded an opportunity to atone for their youthful indiscretions. * * * Pardon and leniency at most restore to an offender his civil rights; neither is as clearly directed as the Youth Corrections Act toward giving him a second chance, free of *all* taint of a conviction [citation omitted]. Indeed, the presence of section 241(b) [8 U.S.C. 1251(b)[2]] suggests to us that if Congress had intended a section 5021 certificate to be inoperative with respect to section 241(a)(11) [8 U.S.C. 1251(a)(11)], it would expressly have said so.

As I understand it, the Immigration and Naturalization Service not only follows *Morera,* but also, as a matter of policy, does not deport a person whose conviction is likely to be set aside pursuant to the Youth Corrections Act.

Because the instant case does not involve a conviction set aside under the Youth Corrections Act, the decision below does not

---

[1] At the time of the decision in *Matter of A—F—,* Section 1251(a)(11) referred only to "narcotics" and made no mention of marihuana, and the Ninth Circuit had recently held that a conviction involving only marihuana was therefore not a basis for deportation under Section 1251(a)(11). See *Hoy* v. *Mendoza-Rivera,* 267 F.2d 451 (C.A. 9), affirming *Mendoza-Rivera* v. *Del Guercio,* 161 F. Supp. 473 (S.D. Cal.). In 1960 Congress amended Section 1251(a)(11) to include marihuana offenses specifically. 74 Stat. 504; see S. Rep. No. 1651, 86th Cong., 2d Sess., at pp. 13–14.

[2] The court was referring to 8 U.S.C. 1251(b), which provides that Section 1251(a)(4) shall not require deportation if the alien has been fully and unconditionally pardoned by the President or the governor of any state or if the sentencing judge recommends against deportation; however, Section 1251 (b) is by its terms expressly inapplicable to an alien charged with being deportable under Section 1251(a)(11).

present a square conflict with the holding in *Morera*.[3] However, given the role necessarily played by state law in deportation proceedings, the accommodation of competing policies in *Morera* is not rendered irrelevant here simply because *Morera* involved a conflict between two federal statutes, rather than a federal statute and a state statute, as here. Given *Morera*, there is little, if any, reason to justify a different result where the expungement of a youth offender's conviction occurred pursuant to state law. The same result can and, I think, should be reached in such a case.

It has sometimes been suggested, as a reason for disregarding expungement under state law when basing deporation under Section 1251(a)(11) on a state conviction, that deportation is a federal matter which should not be subjected to the varied consequences that states may choose to attach to convictions for offenses that justify deportation. See, *e.g.*, *Gonzalez de Lara* v. *United States*, *supra*, 439 F.2d at 1318–1319; *de la Cruz Martinez* v. *Immigration and Naturalization Service*, *supra*, 404 F.2d at 1200; cf. *Gutierrez-Rubio* v. *Immigration and Naturalization Service*, 453 F.2d 1243 (C.A. 5) (deportation under 8 U.S.C. 1251(a)(14)). This approach assumes, in effect, that all issues concerning deportation must be governed solely by federal law.

It is true, of course, that in the first instance federal law normally governs the construction of federal statutes. In many cases, however, the federal rule of construction may call for reference to and the reliance upon state law. See, *e.g.*, *Reconstruction Finance Corp.* v. *Beaver County*, 328 U.S. 204, 209–210; *De Sylva* v. *Ballentine*, 351 U.S. 570, 580–581; cf. *United States* v. *Yazell*, 382 U.S. 341, 354–358. In the context of deportation, it is unquestionable that state law has a role to play, in that certain convictions for violation of state law are grounds for deportation, and pardons by governors may bar a state conviction from being so used.

Indeed, in *Matter of G—*, *supra*, 9 I. & N. Dec. at 169, the Attorney General recognized that the Supreme Court's per curiam reversal of a deportation order under Section 1251(a) (4) in *Pino* v.

---

[3] The court of appeals below stated in its brief order that *"Morera* is not the law of this circuit," citing *Hernandez-Valensuela* v. *Rosenberg*, 304 F.2d 639 (C.A. 9). The latter case, however, held merely that a conviction which might some day be set aside pursuant to 18 U.S.C. 5021 was still a conviction for deportation purposes. In *Morera* the defendant's conviction had been set aside pursuant to Section 5021 of the Federal Youth Corrections Act prior to the court of appeals' decision, and the cases are not necessarily in conflict.

*Landon,* 349 U.S. 901,[4] indicated that the question whether a conviction should be treated as a basis for deportation is not "purely a 'federal question.' "

In addition, as to crimes of moral turpitude not involving narcotics or marihuana, the Service, with the approval of the Attorney General and the courts, has been taking into account the effect of state post-conviction expungement laws in determining that an otherwise final conviction should not be regarded as a basis for deportation.[5]

Expungement statutes concerning youth offenders, perhaps even more than other expungement laws, reflect a policy of providing a clean start which would be virtually negated if deportation under federal law were still a consequence of an expunged state marihuana conviction of a youth. A disparity in treatment of state and federal youth offenders is particularly inappropriate in view of the fact that, quite frequently, the underlying facts involve violation of state and federal law, and may be the basis of either state or federal prosecution. Indeed, as to persons under twenty-one, federal law encourages the United States Attorney to forego prosecution and surrender the juvenile to state authorities if "it will be to the best interest of the United States and of the juvenile offender" to do so. 18 U.S.C. 5001. Where a choice can be made, it is generally the practice that the less serious offenses are handled by state prosecution, and that federal prosecutions are reserved for the more serious offenses.

Thus, to confine the result in *Morera* to youth offender convictions expunged under the federal law would tend to produce the anomalous situation where, for example, a youth offender prosecuted federally and convicted of a serious marihuana offense would not be deportable if the conviction were expunged, while one

---

[4] The facts in *Pino* are set forth in the lower court decisions. See *Pino v. Nicolls,* 119 F. Supp. 122 (D. Mass.), affirmed, 215 F.2d 237 (C.A. 1). The question was whether an alien had been "convicted" where he had been found guilty, received a suspended sentence and been placed on probation for one year, after which, under a unique Massachusetts procedure, the sentence had been revoked and the case placed "on file," subject to being called up at any time for imposition of sentence or other disposition. The Court held that there was no conviction for deportation purposes.

[5] It should be noted that state expungement statutes have been allowed to pretermit deportation even where there is no comparable federal statute applicable to a similar federal conviction. For example, while the Federal Youth Corrections Act provides relief comparable to that authorized by Section 1722 of the California Welfare and Institutions Code, involved in the instant case, no federal statute authorizes expungement more generally following completion of probation, as does section 1203.4 of the California Penal Code, pursuant to which expungement has been held repeatedly to bar deportation based on the expunged conviction for a crime of moral turpitude.

prosecuted in state court and convicted on a trivial marihuana offense would therefore be deportable, even if the conviction were expunged.

Such disparity is difficult to justify or defend, and should be avoided if possible by a reasonable construction of the statute. At a minimum, I think that, consistent with *Morera*, the Service would be warranted in construing Section 1251(a)(11) as not requiring deportation on the basis of a state marihuana conviction of a youth offender which has been expunged or set aside pursuant to a law comparable to the Federal Youth Corrections Act, if the youth offender upon conviction could have obtained expungement under the federal law if he had been subjected to federal prosecution. This construction is consistent not only with *Morera*, but also with the general statutory scheme.

The crucial legislative development relied upon by the Attorney General in *Matter of A—F—*, as indicating a strong congressional policy favoring deporation of aliens involved in narcotics traffic, was the Narcotics Control Act of 1956, 70 Stat. 575. That act added language to Section 1251(b) to exclude deportations under Section 1251(a)(11) from its provision that a pardon or recommendation of the sentencing judge against deportation would bar deportation under Section 1251(a)(4), based on conviction of a crime of moral turpitude. Prior to 1960, however, Section 1251(a)(11) applied in terms only to marihuana offenses. Therefore, the 1956 amendment does not necessarily reflect a clear national policy as to marihuana offenses.[6]

Moreover, the fact that the 1956 amendments excluded narcotics offenses from the provision for pardons, but did not purport to exclude them from the settled policy and practice of not treating expunged convictions as convictions for deportation purposes, can be said to suggest that no change was intended in that regard. See *Morera, supra*, 462 F.2d at 1032.

Significantly, it was held in *Morera* that neither the 1956 amendment to Section 1251(b) nor the 1960 inclusion of marihuana offenses in Section 1251(a)(11) interferes with the analogous treatment of marihuana convictions set aside under the Federal Youth Corrections Act (18 U.S.C. 5021), as not being grounds for deportation under Section 1251(a)(11).

In any event, whatever may have been Congress' policy toward

---

[6] While the inclusion of marihuana offenses in Section 1251(a)(11) in 1960 did reflect a judgment that such offenses could be a basis for deportation, the legislative history of that amendment (see p. 3, *supra*, n.1) does not suggest a specific congressional intent that expungement of a marihuana conviction (or indeed of any conviction covered by Section 1251(a)(11)) should be completely disregarded for deportation purposes.

narcotics offenders at the time of the decision in *Matter of A—F—*, recent legislation indicates a different Congressional policy toward persons convicted of simple possession of marihuana. Thus, in 1970 Congress found that "there is a lack of an authoritative source for obtaining information involving the health consequences of using marihuana." 21 U.S.C. 186. Accordingly, Congress established the National Commission on Marihuana and Drug Abuse and directed it to conduct a comprehensive study of the use and effects of marihuana. 84 Stat. 1280—1281, 21 U.S.C. 801, note.[7] In 1970, as an interim measure for the period during which the Commission's report was being prepared and considered, Congress reduced the penalties for initial marihuana offenses—from a mandatory term of at least five and up to twenty years (see 21 U.S.C. (1964 ed.) 176a) to a maximum term of one year for possession—and provided a new procedure whereby a charge and finding of guilt for a first offense of simple possession could be expunged and not treated as a conviction for any purpose. 21 U.S.C. 844. In its report in 1972 the Commission recommended that possession and personal use of marihuana be decriminalized. See Report of the Commission on Marihuana and Drug Abuse 152–161.

If it was appropriate to consider a heightening of federal concern about narcotics offenders as requiring their exclusion from the usual consequences of expungement of convictions for deportation purposes, it would seem equally appropriate to consider a lowering of sanctions for such offenses, at least as to possession of marihuana, as removing *pro tanto* the policy basis for such exclusion.

The foregoing analysis and recommendation does not necessarily apply to offenses involving narcotics and drugs other than marihuana, which is the only controlled substance involved in the instant case, nor to expungement under state laws that do not have a federal counterpart.

If the Service does change its policy in this regard or if for that or any other reason the instant deportation order is set aside, please communicate the facts to Mr. Norton of this office (739-2186) so that we may appropriately prepare our response to the pending petition.

I thank you for your consideration of this matter.

Sincerely,
/s/ Robert H. Bork
ROBERT H. BORK
Solicitor General

---

[7] Congress also directed the Secretary of Health, Education and Welfare to make annual reports to Congress on the health consequences of marihuana use and on related recommendations. 21 U.S.C. 187.