## MATTER OF LINDNER

### In Deportation Proceedings

### A-11038815

*Decided by Board January 31, 1975*

Respondent was convicted for the illegal possession of marijuana in a criminal proceeding which was not conducted in connection with any provision of either a State or Federal Youth Corrections Act. Thereafter, he was granted a full and unconditional pardon. Under these circumstances, the pardon is not effective to remove respondent's deportability because aliens charged with being deportable under section 241(a)(11) of the Act are excepted from the pardon provisions of section 241(b).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a crime relating to narcotics, at any time after entry.

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
J. Ward Rafferty, Esquire                          Irving A. Appleman
190 Broad Street                                       Appellate Trial Attorney
New London, Conn. 06320

This is an appeal from an order of an immigration judge finding the respondent deportable as charged, and, finding him statutorily ineligible for any form of discretionary relief from deportation, directing his deportation to England. The appeal will be dismissed.

The respondent is a 26-year-old male alien, native and citizen of Germany, who was admitted to the United States for permanent residence on February 20, 1957. At a hearing before an immigration judge at which he was represented by other counsel, the respondent admitted the truth of the factual allegations of the order to show cause but denied deportability. The immigration judge found him to be deportable and ordered his deportation.

On appeal present counsel contends that the respondent is saved from deportation because he has allegedly been granted a full pardon in the State of Connecticut with respect to the crime which forms the basis for these deportation proceedings, and has petitioned for the erasure of his criminal records.[1] We reject this contention in reliance upon the plain

---

[1] The record contains a certified copy of the record of respondent's conviction on April 29, 1971 in the Superior Court of Connecticut, New London County, for the offense of

language of section 241(b) of the Immigration and Nationality Act, which states that the provisions which remove deportability for an alien who has been granted a full and unconditional pardon "shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section."

We find the present case distinguishable from recent decisions which hold that marijuana violators whose convictions have been expunged under federal or state "youth corrections" statutes are not deportable under section 241(a)(11) of the Act, *Mestre Morera v. INS*, 462 F.2d 1030 (C.A. 1, 1972); *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974); *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974). There is no evidence in the record, nor does counsel assert, that the respondent was treated as a youthful offender in Connecticut. This factor, together with the clear mandate of section 241(b), persuades us that the respondent is not entitled to relief from deportation on the basis of his alleged pardon. Nor can we accept counsel's premise that the erasure of respondent's criminal record completely negates his conviction for consideration under section 241(a)(11). We cannot impute to Congress an intention to allow for such metaphysical distinctions when they enacted sections 241(a)(11) and 241(b). See generally *Matter of A—F—*, 8 I. & N. Dec. 429 (A.G. 1959).

Accordingly, while we are aware of the sympathetic factors in this case, we find that we have no alternative but to affirm the decision of the immigration judge and dismiss the appeal. The following order will therefore be entered.

**ORDER:** The appeal is dismissed.

---

illegal possession of marijuana, in violation of the Connecticut General Statutes, sections 19-452 and 19-481(b). We note the absence from the record of a copy of the alleged official pardon order; only the pardon petition and two newspaper articles which indicate one had been granted, have been submitted.