MATTER OF ESPINOZA

In Deportation Proceedings

A-10846768

*Decided by Board June 2, 1975*

Where respondent was an adult, at the time of commission of the crime, and plead guilty in a state court in Arizona to the charge of possession of marijuana for sale, the subsequent expungement of the conviction under Arizona Revised Statute section 13-1744 did not foreclose deportation. The appeal, from the deportation order entered pursuant to section 241(a)(11) of the Immigration and Nationality Act, is dismissed.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation
of law relating to control of marijuana.

ON BEHALF OF RESPONDENT
John A. Tull, Esquire
Legal Aid Society
55 West Congress Street
Tucson, Arizona 83701

ON BEHALF OF SERVICE
William E. Weinert, Esquire
Trial Attorney

This appeal is from an order of deportation entered by the immigration judge on December 4, 1972. The appeal will be dismissed.

The record relates to a married male alien, 52 years of age, a native and citizen of Mexico, who was lawfully admitted to the United States for permanent residence on August 28, 1956, in possession of an immigrant visa. On Decmeber 7, 1970, a judgment suspending sentence was entered in the Arizona State Superior Court for the County of Santa Cruz, which recited that the respondent, on the basis of having pled guilty, had been convicted of the crime of illegal possession of marijuana for sale. The respondent moved in the courts of Arizona to withdraw the plea, on the ground that he had not known that his plea would render him susceptible to deportation. The Superior Court denied his motion to set aside the conviction on that ground, but did permit withdrawal of the plea, entry of a plea of not guilty, and dismissal of the information, pursuant to Arizona Revised Statutes, Section 13-1744 (the general expungement provisions).

The respondent acknowledges awareness of the precedents which have held that expungements of state convictions relating to narcotics

and marijuana have been held not to foreclose deportation, *Kelly* v. *INS*, 349 F.2d 472 (C.A. 9, 1965), cert. denied 382 U.S. 932 (1965); *Matter of A— F—*, 8 I. & N. Dec. 429 (A.G. 1959). He asks us, however, to apply the case of *Mestre–Morera* v. *INS*, 462 F.2d 1030 (C.A. 1, 1972) (involving a Federal conviction), to hold that the expungement of his conviction pursuant to Arizona Revised Statutes, Section 13–1744, eliminates his conviction as a ground for deportation.

This Board adopted the rule of *Mestre–Morera* in *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974). That rule, however, is not applicable to the respondent's case. Mestre–Morera was convicted of an offense involving simple possession of marijuana; he was sentenced under the Federal Youth Corrections Act, pursuant to which the sentence was set aside. We held that the setting aside of the conviction removed it as a basis for deportation. In *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974), we decided to accord like treatment to expungements of state convictions involving simple possession of marijuana by youths who were sentenced under a state provision similar to the Federal Youth Corrections Act, upon the recommendation of the Solicitor General.[1] Andrade, like Zingis and Mestre–Morera, was a youth offender who was convicted of an offense involving simple possession of marijuana. Andrade was sentenced under the Youth Offender Authority of the California Welfare and Institutions Code.

The respondent's case is unlike the situation in *Andrade*. The respondent was 47 years of age at the time of his conviction. Inasmuch as he was not a youth, he could not have obtained expungement under the Federal Youth Corrections Act had he been subjected to Federal prosecution. Furthermore, his conviction did not involve simple possession of marijuana, but rather possession of marijuana for sale.*

The respondent contends, further, that his conviction lacks finality, because he is contemplating appeal to the United States Supreme Court from the denial by the Arizona Superior Court of his motion to withdraw the plea of guilty. We find the respondent's contention to be lacking in merit. A conviction is final upon a plea of guilty, *Matter of Robinson*, 15 I. & N. Dec. 197 (BIA March 5, 1975). In the respondent's case, in addition to a plea of guilty, there was a judgement entered by the court accepting the plea and finding that the respondent was guilty of the offense (Exh. 3). The respondent's conviction is clearly final.

---

[1] The Solicitor General, in a memorandum printed in *Andrade*, supra, cited a softening of a congresssional policy towards persons convicted of *simple* possession of marijuana. The memorandum recommended "not requiring deportation on the basis of a state marijuana conviction of a youth offender which has been expunged or set aside pursuant to a law comparable to the Federal Youth Corrections Act if the youth offender upon conviction could have obtained expungement under the federal law if he had been subjected to federal prosecution."

* See *Matter of Berker*, 15 I. & N. Dec. 725.

Finally, the respondent raises the argument that the conviction was invalid because he was not informed that deportation would be a consequence thereof. This contention has been made in other cases and has been rejected, *Matter of Marin*, 13 I. & N. Dec. 497 (BIA 1979); *Marin* v. *INS*, 438 F.2d 932 (C.A. 9, 1971); *Joseph* v. *Esperdy*, 267 F. Supp. 492 (S.D.N.Y. 1966); *U.S. ex rel. Durante* v. *Holton*, 228 F.2d 827 (C.A. 7, 1956), cert. denied 351 U.S. 963 (1956). We shall not address ourselves to it, because he has already litigated this very issue in the Arizona courts, unsuccessfully. The decision of the Arizona Supreme Court is res judicata and binding.

For the above reasons, we shall dismiss the respondent's appeal.

**ORDER:** The appeal is dismissed.