## MATTER OF LIMA

### In Deportation Proceedings

### A-11408079

*Decided by Board April 16, 1976*

(1) Respondent was convicted of the unlawful possession of marijuana in violation of section 11530 of the Health and Safety Code of California. Subsequently, the California court ordered that respondent's record of arrest and conviction, and other official records in the case, including all records resulting in the criminal conviction be sealed pursuant to section 1203.45 of the California Penal Code, and also ordered that the charges be dismissed pursuant to section 1203.4 of the California Penal Code.

(2) The sealing of respondent's record of arrest and conviction of marijuana possession under section 1203.45 of the California Penal Code eliminated the conviction for possession of marijuana as a basis for deportation under section 241(a)(11) of the Immigration and Nationality Act.

(3) *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974) followed. .·

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Violation of a law relating to illicit possession of marijuana.

ON BEHALF OF RESPONDENT: Marilyn Hall Patel, Esquire
220 Bush Street
San Francisco, California 94104

This case is before us on certification from an order of the immigration judge terminating deportation proceedings. The decision of the immigration judge will be affirmed.

The respondent is a 25-year-old native of the Azores Islands and citizen of Portugal who was admitted to the United States for permanent residence on December 19, 1957. On August 30, 1971, in the Superior Court of the State of California for the County of San Joaquin, the respondent was convicted of the unlawful possession of a quantity of marijuana, a misdemeanor, in violation of Section 11530 of the Health and Safety Code of California. The California Court ordered that the imposition of sentence be suspended for a period of three years, and that the defendant be placed on probation for that period. The respondent did not appeal the conviction nor did he move for a new trial.

On January 28, 1974, the Service obtained a correct copy of the

original record of respondent's conviction from the County Clerk and Clerk of the Superior Court of the State of California, County of San Joaquin. On September 17, 1974, the district director issued an order to show cause against the respondent on the basis of his criminal conviction for marijuana possession.

Under section 241(a)(11) of the Immigration and Nationality Act, an alien in the United States is deportable if, at any time after entry, he has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana.

On September 27, 1974, the respondent petitioned the Superior Court of California for an order sealing the record of his criminal conviction. On September 30, 1974, the California court ordered that respondent's records of arrest and conviction and other official records in the case, including all records resulting in the criminal conviction be sealed pursuant to Section 1203.45 of the California Penal Code. On September 30, 1974, the court also issued a separate Order of Dismissal pursuant to Section 1203.4 of the California Penal Code which substituted a plea of "not guilty" for the respondent's previous plea of "guilty", and dismissed the accusation against him.

At the hearing, trial counsel sought to have a copy of respondent's record of conviction admitted into evidence. Counsel for respondent objected to the admission of the record on the grounds that it was sealed by the Superior Court of the State of California, and that therefore, it could not be used in a deportation proceeding. The copy of the record of conviction was marked Exhibit 3 for identification and was entered into the record.

In a decision dated February 7, 1975, the immigration judge found that the respondent was not deportable as charged. He concluded that the California Superior Court order which sealed the record of respondent's arrest and conviction of possession of marijuana falls within the ambit of *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974) and *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974). The immigration judge terminated the proceedings and certified the case to us.

The issue before us is whether the sealing of respondent's record of conviction under Section 1203.45 of the California Penal Code can operate to eliminate the conviction as a basis for deportation under section 241(a)(11) of the Act.

On the date that respondent's offense was committed, February 7, 1971, Section 1203.45(a) of the California Penal Code provided as follows:

In any case in which a person was under the age of 21 years at the time of commission of a misdemeanor and is eligible for, or has previously received, the relief provided by Section 1203.4 or 1203.4a, such person, in a proceeding under Section 1203.4 or 1203.4a,

or a separated proceeding, may petition the court for an order sealing the record of conviction and other official records in the case, including records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether defendant was acquitted or charges were dismissed. If the court finds that such person was under the age of 21 at the time of the commission of the misdemeanor, and is eligible for relief under Section 1203.4 or 1203.4a or has previously received such relief, it may issue its order granting the relief prayed for. Thereafter such conviction, arrest, or other proceeding shall be deemed not to have occurred, and the petitioner may answer accordingly any question relating to their occurrence.[1]

Section 1203.45(d) provides as a general rule that the provisions for sealing a record of arrest and conviction do not apply to a person convicted of more than one offense.

The record reveals that respondent was 20 years old at the time he committed the misdemeanor offense, and that he had no prior criminal convictions. We also note that respondent obtained an expungement of the record of his conviction pursuant to Section 1203.4 of the California Code.

It appears that the California legislature, by enacting Section 1203 .45, intended to provide a means for eliminating or ameliorating a life long stigma that may result when a youthful offender is convicted of a single misdemeanor. Under Section 1203.45, a state agency or sub-agency may not maintain the record of conviction which has been sealed, and such a record may not be used in a subsequent administrative or judicial proceeding within the state of California. The legal effect is that, upon the sealing of the record by order of the California court, the arrest, conviction and all other proceedings related to the offense are forever treated as if they did not occur. Also by the express language of the statute, the individual whose record has been sealed, may answer inquiries concerning his arrest and conviction as if they never occurred. A single statutory exception exists in the instance of a defamation action or proceeding.[2]

In *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974), we held that the setting aside of a narcotics conviction pursuant to the provisions of the Federal Youth Corrections Act (18 U.S.C. 5021(b)) operates to elimi-

---

[1] Section 1203.45 of the California Penal Code was amended in 1972, after respondent's conviction, to change the age for which relief could be sought from 21 to 18. This amendment does not apply to persons who committed misdemeanor offenses prior to March 7, 1973, and who were under 21 years of age at the time of the commission of the offenses.

[2] Section 1203.45(f) of the California Penal Code provides that:

In any action or proceeding based upon defamation, a court, upon a showing of good cause, may order any records sealed under this section to be opened and admitted into evidence. The records shall be confidential and shall be available for inspection only by the court, jury, parties, counsel for the parties, and any other person who is authorized by the court to inspect them. Upon the judgment in the action or proceeding becoming final, the court shall order the records sealed.

nate the conviction as a basis for deportation under section 241(a)(11) of the Act. We noted in *Matter of Zingis*, that in enacting the Federal Youth Corrections Act, Congress expressed its objectives as the rehabilitation of youthful offenders to enable them to become useful citizens in our society, and that this desire of Congress to give youth a new chance would be thwarted by deportation. In *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974), we granted a Service motion to terminate deportation proceedings and vacated the order directing respondent's deportation under section 241(a)(11) of the Act in view of the expungement of the record of a conviction of possession of marijuana in violation of Section 11530 of the Health and Safety Code of California. The expungement was executed upon the completion of youthful offender treatment under Section 1772 of the California Welfare and Institutions Code. In *Matter of Andrade* we pointed out that:

> . . . The General Counsel informs us that, on the recommendation of the Solicitor General, the Service has now adopted the position that marijuana violators who are treated as youth offenders under state laws will be dealt with in the same manner as such offenders under federal law. The latter are relieved from deportability on expungement of the conviction, *Mestre-Morera v. INS*, 462 F.2d 1030 (1 Cir. 1972); *Matter of Zingis*, Interim Decision 2270 (BIA March 11, 1974).

We find a significant parallel in the facts in *Matter of Andrade* and the facts presented in this case. The respondents in both cases were youthful offenders who were convicted of the same misdemeanor offense to wit: possession of marijuana in violation of Section 11530 of the California Health and Safety Code. Also, the record of conviction in each case was expunged under California law. While it is true that the respondent in this case did not receive youthful offender treatment under Section 1772 of the California Welfare and Institutions Code, it is apparent that the respondent was, in effect, treated as a youthful offender when he was granted the benefits of Section 1203.45 of the California Penal Code. At the time of the commission of his misdemeanor offense, only persons under the age of 21 were permitted to petition the court for an order sealing the record of arrest and conviction. Under the current amendment to Section 1203.45 only persons under the age of 18 are permitted to petition the court for such relief.

We note that by operation of state law, the Service would have been advised by California authorities that no record of conviction existed had the Service attempted to obtain a copy of respondent's record subsequent to the issuance of the order sealing that record.

Section 1203.45 is obviously aimed at the rehabilitation of youthful offenders by providing them with a "clean slate". These objectives are identical to the Congressional objectives expressed in *Matter of Zingis*, supra, and to the recommendation of the Solicitor General which was

enunciated in *Matter of Andrade*, supra.[3] Accordingly, we conclude that the sealing of respondent's record of arrest and conviction of marijuana possession under Section 1203.45 of the California Penal Code operates to eliminate the conviction as a basis for deportation under section 241(a)(11) of the Act.

For these reasons, we have concluded that the immigration judge's decision in terminating deportation proceedings was correct.

ORDER: The decision of the immigration judge is affirmed.

---

[3] In his letter to the General Counsel, Immigration and Naturalization Service dated March 7, 1974, (Appendix to *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974), the Solicitor General stated that:

... A disparity in treatment of state and federal youth offenders is particularly inappropriate in view of the fact that, quite frequently, the underlying facts involve violation of state and federal law, and may be the basis of either state or federal prosecution. Indeed, as to persons under 21, federal law encourages the United States Attorney to forego prosecution and surrender the juvenile to state authorities if "it will be to the best interest of the United States and of the juvenile offender" to do so. 18 U.S.C. 5001. Where a choice can be made, it is generally the practice that less serious offenses are handled by state prosecution, and that federal prosecutions are reserved for the more serious offenses.

... the Service would be warranted in construing Section 1251(a)(11) as not requiring deportation on the basis of a state marihuana conviction of a youth offender which has been expunged or set aside pursuant to a law comparable to the Federal Youth Corrections Act, if the youth offender upon conviction could have obtained expungement under the federal law if he had been subjected to federal prosecution.