## MATTER OF BERKER

### In Deportation Proceedings

### A-11780341

### Decided by Board August 2, 1976

(1) Under the provisions of the Federal Youth Corrections Act (18 U.S.C. 5005, et seq.), no distinction is drawn between narcotics offenses relating to simple possession of marijuana and narcotics offenses involving more serious drug violations. For that reason, distinctions as to the relative gravity of narcotics offenses should not be made in applying the benefits of the Federal Youth Corrections Act to immigration cases.

(2) Expungement of respondent's conviction for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. 846, under the provisions of the Federal Youth Corrections Act (18 U.S.C. 5021(b)), operated to remove that conviction as a basis for deportation under section 241(a)(11) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of any law relating to illicit possession of marijuana

ON BEHALF OF RESPONDENT: A. Kendall Wood, Esquire
3232 Fourth Avenue
San Diego, CA 92103

In a decision dated October 30, 1975, the immigration judge found the respondent deportable as charged and ordered his deportation to Germany. The respondent has appealed from that decision. The appeal will be sustained and the proceedings will be terminated.

The respondent, a native and citizen of Germany, was admitted to the United States for permanent residence in 1958. On July 30, 1975 he was convicted in the United States District Court for the Southern District of California of the offense of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. 846 and was sentenced pursuant to the Federal Youth Corrections Act, 18 U.S.C. 5005, et seq. (Hereinafter referred to as "FYCA".) On December 19, 1973 the imposition of sentence was suspended and the respondent was placed on probation. Prior to the expiration of the period of his probation, on August 22, 1975, the court discharged the respondent from probation and set aside the respondent's conviction pursuant to the expungement provisions of FYCA. 18 U.S.C. section 5021(b).

725

The immigration judge found the respondent deportable as an alien who has been convicted of a conspiracy to violate a law relating to the illicit traffic in marijuana under section 241(a)(11) of the Immigration and Nationality Act. Counsel for the respondent, however, contends that under our decision in *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974), the respondent is not deportable.

In *Zingis* we held that the setting aside of a conviction under FYCA eliminates the conviction as a basis for deportation under section 241(a)(11) of the Act.[1] See also *Mestre Morera* v. *INS*, 462 F.2d 1030 (1 Cir. 1972).

However, from dicta in *Matter of Espinoza*, 15 I. & N. Dec. 328 (BIA 1975), it is reasonable to infer that our holding in *Zingis* limits recognition of expungements under FYCA to offenses involving simple possession of marijuana. Inasmuch as the respondent was convicted of the offense of conspiracy to possess marijuana with intent to distribute, the immigration judge held that the expungement does not wipe out the conviction as a basis for deportation under section 241(a)(11).

Notwithstanding dicta to the contrary in *Espinoza*, our holding in *Zingis* applies to all convictions which have been set aside under the FYCA. In *Zingis* it is stated that the alien had been convicted of a "narcotics violation," to wit, violation of a law relating to illicit traffic in marijuana.

Furthermore, in *Zingis* we declared that, in enacting FYCA, Congress expressed its objective as the rehabilitation of youthful offenders to enable them to become useful citizens in our society. Under FYCA no distinctions were drawn between the offense of simple possession of marijuana and offenses involving more serious drug violations. In view of the Congressional policy in this area, distinctions should not be made in the application of FYCA benefits in immigration cases. Any language in *Espinoza-Rodriguez* which suggests a contrary interpretation is hereby disapproved.

We note that the interpretation of *Zingis* set out above is in accord with the most recently stated position of the Service.

Accordingly, the appeal will be sustained and the proceedings will be terminated.

ORDER: The appeal is sustained; the proceedings are terminated.

---

[1] In *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974), we accorded like treatment to expungements of state convictions by youths who were sentenced under a state provision similar to FYCA.