## MATTER OF GOLSHAN

### In Deportation Proceedings

### A-17850804

*Decided by Board July 28, 1981*

(1) Since section 9.95.240 of the Revised Code of Washington Annotated is a general expungement statute, a state court's order pursuant to that statute dismissing criminal charges after successful completion of probation does not eliminate a narcotics conviction for purposes of deportation.

(2) Although the respondent's narcotics conviction renders him deportable notwithstanding its expungement, the respondent is eligible for relief under section 212(c) of the Act, 8 U.S.C. 1182(c), and, therefore, the record is remanded to give him an opportunity to apply for discretionary relief.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted for possession of a narcotic drug

ON BEHALF OF RESPONDENT:
Ira Fieldsteel, Esquire
Allen E. Kaye, P.C.
233 Broadway, Suite 3702
New York, New York 10007

ON BEHALF OF SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis. Maguire, Morris, and Vacca, Board Members

In a decision dated June 9, 1980, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), and ordered him deported from the United States. The respondent has appealed from that decision. The record will be remanded.

The respondent is a native and citizen of Iran who last entered the United States as a returning permanent resident on June 10, 1978. The record reflects that he has been a lawful permanent resident since November 19, 1970, and that he has a United States citizen wife and child.

The respondent was arrested at the time of his entry and was charged with possession of controlled substances. On December 11, 1978, the respondent was convicted for possession of opium on his plea of guilty in the Superior Court of the State of Washington for King County. The

court deferred imposition of sentence for 2 years on the conditions that the respondent be subject to probation during that period, that he pay court costs, and that he donate 50 hours of service in a drug treatment facility.

On July 25, 1979, the respondent submitted a motion to the Superior Court requesting that he be permitted to withdraw his plea of guilty and enter a plea of not guilty and that the case then be dismissed. In an order dated that same day the court granted the requested relief, dismissing the charges against the respondent.

The immigration judge determined that the charges against the respondent were dismissed pursuant to a Washington statute which, in his opinion, is a rehabilitative provision based on compliance with probation requirements and is not limited to youthful or first offenders. He concluded that the respondent was not relieved from deportation by virtue of dismissal of the charges because, for purposes of deportation, narcotics convictions may only be eliminated pursuant to the federal first offender statute, 21 U.S.C. 844(b)(1), or the Federal Youth Corrections Act, 18 U.S.C. 5010, et seq., or the state counterparts thereof. Thus, he found the respondent deportable on the basis of his conviction. He further stated that he refused to accept the respondent's application for relief from deportation pursuant to section 212(c) of the Act, 8 U.S.C. 1182(c), on the basis of decisions holding that such relief was unavailable to narcotics offenders in the Ninth Circuit.

On appeal, the respondent contends that proceedings should be terminated because his conviction was set aside and charges were dismissed pursuant to section 9.95.240 of the Revised Code of Washington Annotated.[1] The respondent concedes that this statute is not a first offender statute. However, he argues that since he was a first offender and the State of Washington has no first offender statute, he should not be penalized because he was tried in a state court rather than a federal court. He further asserts that since the court employed the only available means to alleviate the stigma of the conviction and preclude deportation, we should not frustrate its efforts to rehabilitate the respondent. In the alternative, he argues that he should be permitted to apply for section 212(c) relief and for political asylum.

Section 9.95.240 of the Revised Code of Washington Annotated provides as follows:

*Dismissal of information or indictment after probation completed.* Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offense for which he has been convicted be permitted in the discretion of the court to

---

[1] The court's order of dismissal does not state the statutory authority for its action. However, as the respondent notes, the language of the order parallels that of the statute.

withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right in his probation papers: *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

As the respondent concedes, this statute clearly is not a state counterpart to the federal first offender statute. *Cf. Matter of Seda,* 17 I&N Dec. 550 (BIA 1980); *Matter of Kaneda,* 16 I&N Dec. 677 (BIA 1979); Matter of Haddad, 16 I&N Dec. 253 (BIA 1977); *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977). Nor is it directed toward rehabilitation of youthful offenders. *Cf. Matter of Berker,* 15 I&N Dec. 725 (BIA 1976); *Matter of Lima,* 15 I&N Dec. 661 (BIA 1976); *Matter of Andrade,* 14 I&N Dec. 651 (BIA 1974); *Matter of Zingis,* 14 I&N Dec. 621 (BIA 1974). We have held that only those narcotics violators who have been sentenced under the Federal Youth Corrections Act or the federal first offender statute or their state equivalents will be exempt from deportation under section 241(a)(11) of the Act. *See Matter of Kaneda, supra; Matter of Moeller,* 16 I&N Dec. 65 (BIA 1976); *Matter of Varagianis,* 16 I&N Dec. 48 (BIA 1976). It has long been held that the elimination of a narcotics conviction by a general expungement statute, unconditional pardon, or destruction or annulment of the record will not prevent deportation. *See Matter of Moeller, supra; Matter of Varagianis, supra; Matter of Tucker,* 15 I&N Dec. 337 (BIA 1975), *aff'd Tucker* v. *INS,* 551 F.2d 313 (9 Cir. 1977); *Matter of Espinoza,* 15 I&N Dec. 328 (BIA 1975); *Matter of Lindner,* 15 I&N Dec. 170 (BIA 1975); *Matter of Wong,* 12 I&N Dec. 721 (BIA 1968); *Matter of Kelly,* 10 I&N Dec. 526 (BIA 1964), *aff'd Kelly* v. *INS,* 349 F.2d 473 (9 Cir.), *cert. denied,* 382 U.S. 932 (1965); *Matter of A-F-,* 8 I&N Dec. 429 (A.G. 1959).

In *Matter of A-F-, supra,* the Attorney General examined the effect of expungement of a narcotics conviction pursuant to section 1203.4 of the California Penal Code on the deportability of the convicted alien under section 241(a)(11) of the Act. He concluded that Congress did not intend to permit such aliens to escape deportation on the basis of a state procedure authorizing a technical erasure of the conviction. The courts have shown accord with that policy determination. *See Kolios* v. *INS,* 532 F.2d 786 (1 Cir.) *cert. denied,* 429 U.S. 884 (1976); *Gonzales de Lara* v. *United States,* 439 F.2d 1316 (5 Cir. 1971); *Cruz-Martinez* v. *INS,* 404 F.2d 1198 (9 Cir. 1968), *cert. denied,* 394 U.S. 955 (1969); *but see, Rehman* v. *INS,* 544 F.2d 71 (2 Cir. 1976).

Section 9.95.240 of the Revised Code of Washington Annotated is very similar to section 1203.4 of the California Penal Code in that it

provides a rehabilitative procedure for dismissal of criminal charges after the convicted person has successfully completed probation. The language of these statutes is almost identical. We believe therefore that the Washington statute clearly falls within the policy determination set forth by the Attorney General in *Matter of A-F-, supra*, which precludes avoidance of deportation by one whose narcotics conviction has been eliminated by a state expungement procedure. Moreover, it does not qualify as one of the limited exceptions made for youthful or first offender statutes since it was meant to benefit the convicted population at large. *See Matter of Kaneda, supra; Matter of Moeller, supra*. We therefore conclude that the court's order of dismissal does not eliminate the respondent's conviction for purposes of deportation, and we find that the respondent's deportability has been clearly established.

As an alternate argument, the respondent has contended that the immigration judge erred in declining to accept his application for relief under section 212(c) of the Act. In rejecting the application the immigration judge relied on decisions of the Ninth Circuit and the Board holding that such relief was unavailable to persons convicted of narcotics violations in the Ninth Circuit. *See Bowe* v. *INS*, 597 F.2d 1158 (9 Cir. 1979); *Nicholas* v. *INS*, 590. F.2d 802 (9 Cir. 1979); *Matter of Bowe*, 17 I&N Dec. 488 (BIA 1980). Since that time, the Court has reversed its position in *Tapia-Acuna* v. *INS*, 640 F.2d 223 (9 Cir. 1981), and the Board accordingly reconsidered its decision in *Matter of Bowe, supra*, on April 23, 1981. We, therefore, believe that the record should be remanded to the immigration judge to give the respondent an opportunity to submit an application for section 212(c) relief. On remand, the respondent should also be permitted to seek any relief available to him and to request a change of venue.

ORDER: The record is remanded for further proceedings consistent with the foregoing opinion.