**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ENRIQUE NOE SORTO-LOPEZ,<br><br>          Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>          Respondent. | No. 21-88<br><br>Agency No.<br>A205-311-357<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Enrique Sorto-Lopez, a native and citizen of Honduras, challenges

the Board of Immigration Appeals' (BIA) dismissal of his appeal from the denial of

his application for cancellation of removal and, alternatively, voluntary departure.

We deny the petition.

The agency "may" grant a petitioner cancellation of removal if several

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

statutory criteria are established. 8 U.S.C. § 1229b(b). Because the second step in the cancellation-of-removal analysis involves a discretionary decision by the agency, we lack jurisdiction over the final judgment and may only review legal and constitutional challenges. 8 U.S.C. § 1252(a)(2)(B)(i) & (D); *Lemus-Escobar v. Bondi*, 158 F.4th 944, 953–54 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209, 221–22, 225, 225 n.4 (2024)). Section 1229c outlines the requirements for voluntary departure. 8 U.S.C. § 1229c(b)(1). We lack jurisdiction to review denials of voluntary departure, 8 U.S.C. § 1229c(f), and may only review legal and constitutional challenges, *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

We limit our review to the BIA's decision, except where the BIA expressly adopted the immigration judge's (IJ) opinion. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended). Legal conclusions are reviewed de novo and factual findings are reviewed for substantial evidence. *Id.*

1. ***Juvenile Record.*** Sorto-Lopez first argues that the agency erred by considering his sealed California juvenile record in denying discretionary relief. It is undisputed that Sorto-Lopez did not raise this challenge to the IJ or the BIA.

We may only review exhausted claims. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). "[T]he noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on

the issue." *Suate-Orellana*, 101 F.4th at 629 (citation modified). If the BIA addresses a claim on the merits, however, "regardless of the clarity with which [the petitioner] raised the . . . argument in his briefs," the issue is exhausted. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1186 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc). Sorto-Lopez argues he is excused from failing to exhaust this challenge for two reasons.

First, Sorto-Lopez insists that despite his failure to raise the issue, the BIA was "aware of the problem," *id.*, because of its own caselaw regarding the consideration of juvenile records. This argument fails because neither the BIA nor this court has answered whether the agency may consider sealed juvenile records when determining whether to grant *discretionary* relief. The BIA's precedent that Sorto-Lopez cites addresses consideration of sealed juvenile records in assessing *statutory* requirements. *See Matter of Lima*, 15 I. & N. Dec. 661, 662, 665 (BIA 1976); *see also Matter of Devison*, 22 I. & N. Dec. 1362, 1365 (BIA 2000) ("[F]indings of juvenile delinquency are not convictions for immigration purposes."). And where both this court and the BIA have made clear that the agency may consider a broader scope of evidence in deciding whether to grant relief as a matter of discretion, *see, e.g.*, *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 808 (9th Cir. 1994), it would not have been obvious to the BIA that it could not consider Sorto-Lopez's juvenile record. This is especially true where Sorto-Lopez's counsel

informed the IJ that Sorto-Lopez was "prepared . . . to discuss for purposes of discretion what occurred."[1] *Cf. Smith v. Garland*, 103 F.4th 663, 671 (9th Cir. 2024).

Second, Sorto-Lopez encourages us to excuse his failure to exhaust in light of our decision in *B.R. v. Garland*, 26 F.4th 827 (9th Cir. 2022). Sorto-Lopez is correct that exhaustion may be excused based on intervening developments in the law. *See Alcaraz v. INS*, 384 F.3d 1150, 1158–59 (9th Cir. 2004). But *B.R.* does not provide a new legal basis for Sorto-Lopez's claim nor is it sufficiently analogous to his case. Unlike the petitioner in *B.R.*, 26 F.4th at 832, Sorto-Lopez himself provided information contained within his juvenile record to the court. Accordingly, a remand for reconsideration is unwarranted and there is no basis to excuse Sorto-Lopez's failure to exhaust.

**2.** ***Prior Arrests.*** Sorto-Lopez also asserts the BIA erred under *In Re Arreguin De Rodriguez*, 21 I. & N. Dec. 38 (BIA 1995) (en banc), by deeming his prior arrests that did not result in convictions "a significant adverse factor" when considering discretionary relief. Whether the BIA failed to apply its own precedent is a reviewable question of law. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009), *abrogated on other grounds by Wilkinson*, 601 U.S. 209. Otherwise, as explained, review of the agency's discretionary determination is outside our

---

[1]Because Sorto-Lopez failed to exhaust this issue, we do not decide whether the agency may consider sealed juvenile records in determining discretionary relief.

jurisdiction. *E.g.*, *Wilkinson*, 601 U.S. at 225 n.4; *Olea-Serefina*, 34 F.4th at 867.

In *Arreguin*, the BIA explained that it was "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." 21 I. & N. Dec. at 42. The bases for Sorto-Lopez's arrests were not uncorroborated because he testified about the underlying events. The agency also did not exclusively rely on his arrests when considering adverse factors. Accordingly, the agency did not misapply *Arreguin*. Sorto-Lopez's remaining arguments ask us to reweigh the evidence, which we lack jurisdiction to do.[2]

**PETITION DENIED.**[3]

---

[2]Sorto-Lopez's motion for judicial notice (Dkt. 44) is DENIED because "[w]e may review out-of-record evidence only where (1) the Board considers the evidence; or (2) the Board abuses its discretion by failing to consider such evidence upon the motion of an applicant." *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

[3]The temporary stay of removal entered by the court is hereby lifted. *See* Dkt. 10. Sorto-Lopez's Motion to File his Replacement Reply Brief under seal (Dkt. 58) is GRANTED.